**Alvin KEOWN et al., Appellants,**

**v.**

**C. H. MERIWETHER, Appellee.**

**No. 6632.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 12, 1963.

Rehearing Denied Oct. 9, 1963.

C. M. Bradford, Orange, for appellants.

Feagin W. Windham, Orange, for appellee.

McNEILL, Justice.

Appellee Meriwether filed suit seeking to enjoin appellant Keown Supply Company from obstructing a 30 ft. right-of-way easement which appellee claimed crossed land belonging to appellant. The petition alleged appellee owned a written easement and it was prayed that the right-of-way be cleared of obstructions, that a fence across the easement be removed and for a permanent injunction against appellant from interfering with said easement in the future. In defense, appellant pleaded: (1) it was a subsequent purchaser for valuable consideration without notice of the easement; (2) that appellee was guilty of laches and estoppel; (3) the two and four years statutes of limitation; (4) that there had been a dedicated way or county road that had existed since 1901 which reached the south line of appellee's property and that he had agreed to accept this county road as a right-of-way in lieu of his alleged easement.

A jury heard the cause. It found in answer: to Special Issue No. 1 that the Keown Supply Company, at the time it bought the land over which the easement ran, had actual knowledge of the existence of such easement; to the second issue that appellee had not agreed to accept the county road in place of the easement; to the fifth issue that appellee by his conduct had not led the supply company to believe that he would accept the county road rather than the easement. On this verdict, the trial court rendered judgment in behalf of appellee.

Appellant urges reversal upon four points. The first, is that the trial court erred in failing to submit to the jury two specially requested issues under its defense of laches. These issues were: (1) "When do you find, by a preponderance of the evidence, that the defendant Keown Supply Company, first obstructed the easement, if any, with a fence?" (2) "When do you find, by a preponderance of the evidence, that the plaintiff's cause of action, if any, first accrued?" The trial court refused these issues and we think properly so.

In the first place, the defense of laches is unavailable to appellant against the cause of action asserted because the five and ten year statutes of limitation relating to actions affecting real property were applicable to actions of this kind. Chenowth Bros. v. Magnolia Petroleum Co., et al., Tex.Civ.App., 129 S.W.2d 446. It was said in Hendricks v. Martin, Tex.Civ. App., 267 S.W. 1047 at p. 1051: "The rule is that, where an alleged cause of action, either legal or equitable, comes within any specific provision of the statute of limitations, then the equitable defenses of laches and stale demand do not apply. In such cases the statute of limitations will govern and must be pleaded." To the same effect is Walton v. Harigel, Tex.Civ.App., 183 S.W. 785. The present case involves a private easement. The question is not to

be confused with a public easement which is protected from the claims of limitation under Art. 5517, Vernon's Ann.Tex.Civ.St.

■ Even if the defense of laches would be applicable, the court correctly refused the issues, for mere delay for any period does not in itself show laches. The delay must be shown for an unreasonable time and also to have resulted in injury to another person. City of San Antonio v. Castillo, Tex.Civ.App., 293 S.W.2d 691; 35 T.J.(2), Sec. 5, p. 464. The requested issues therefore constitute an incomplete submission of the elements constituting laches. Issues constituting only an incomplete submission of an ultimate question or issue are properly refused. South Western Settlement & Development Corp v. State, Tex.Civ.App., 282 S.W.2d 78; Pacific Employers Ins. Co. v. Brasher, Tex.Civ.App., 234 S.W.2d 698; Hodges on Special Issue Submission in Texas, Sec. 68, p. 168.

■ Appellant also says that said issues should have been given for the reason that it pleaded as defense the two and four years statutes of limitation. No citation supports this proposition and we have been unable to see the relevance of such defense.

■■ Appellant asserts that the answers to the issues submitted were against the great weight and preponderance of the evidence. We have carefully read the statement of facts. There was conflict on the question of whether at the time appellant purchased the servient estate it had notice of the unrecorded easement; but, we are unable to say the finding was against the great weight and preponderance of the evidence. As to the two issues submitted by the court regarding the agreement to accept the county road, we have serious doubt that there was justification for their submission in the first place. The most that was testified to by Mr. Keown, president of the company, as to any agreement was that at one time appellee had agreed if the county road was properly graded and shelled that he would accept it in lieu of the easement. That this agreement ever existed was contradicted by appellee. It was shown unquestionably that part of the right-of-way of the county road leading to appellee's land was still marshy, full of cattails, lilies, and willows, and still impassable at the time of trial; that while the southern section of the county road had been filled in, the northern end of it existed only on paper and it could not be traversed except with hip boots. So, even if the agreement had been made, the road had not been completed as required by the agreement. The jury having evidence both ways of a substantial nature and having decided the issue, its verdict is impervious to the assault made.

■ It is urged that the court erred in failing to grant appellants' motion for new trial on the ground of newly discovered evidence. The evidence urged was merely impeachment evidence and of a very weak nature at that. It was not shown that diligence was used to obtain this evidence before the trial and the trial court did not abuse its discretion in overruling the motion on this ground. 31 Tex.Jur., Sec. 82 p. 91, Sec. 84 p. 95.

■ The last point urges that several of the jurors who deliberated in the instant case had served on a jury in a case that had just previously been disposed of and since the jurors in this prior case had agreed to be bound by a majority vote on a damage issue in that case, this tainted the verdict in the instant case. The trial court heard evidence on this point at hearing of the motion for new trial. There was no testimony that any of the jurors made any such agreement as to any of the issues in the case at bar. The point is based on remote inference or speculation and we therefore decline to sustain it. Compare Tex. & N. O. Ry. Co. v. Rooks (Tex.Com.App.), 292 S.W. 536(16).

The judgment is affirmed.