AUGUST NACHANT ET AL. v. W. E. MONTIETH,
DISTRICT JUDGE ET AL.

No. 4893. Decided November 30, 1927.
(299 S. W., 888).

*Ward & Ward,* for relators.

We respectfully suggest that the proceeding brought by the correspondents was in fact to set aside the judgment, and was not in fact a proceeding to try the whole case, and the judgment of the Court as entered upon the amended motion, considered with the original motion, conclusively shows its purpose, and that the motion as made and the judgment as entered clearly bring the case within the holding in Green v. Green, (Commission B), 288 S. W., 407. Considering its presentation and the action by· the Court thereon, the proceeding has all the earmarks of a motion for a new trial, and its disposition by the 'judgment entered shows that it was solely a motion for new trial.

If such were not its purpose and it was intended for an equitable proceeding, the correspondents should first have exhausted their legal remedy, or alleged and shown why such legal remedy would not avail them. The right of appeal was first open to them by writ of error, and they should have in their alleged equitable proceeding shown some effort to dispose of the case by appeal. Windish v. Gusseck, 30 Texas, 741; Rountree v. Walker, 46 Texas, 200; Long v. Smith, 39 Texas, 160; Manning v. Hunt, 36 Texas, 117; 34 Corpus Juris, 436; Hamblen v. Knight, 81 Texas, 354; G. H. & S. A. R. Co. v. Ware, 74 Texas, 49, 11 S. W., 918.

*J. W. Lockett,* for respondents.

The question is whether the District Court had the power or jurisdiction to entertain the proceeding, whether it be called a bill of review, or an original suit, or a motion to re-instate. We think it is clear that Judge Monteith's decision was correct; but if the District Court had power to entertain the proceeding, it is not material on the hearing of this petition for mandamus whether the decision of the District Court was correct or erroneous. This court in this proceeding has no power to inquire into the correctness of the District Court's decision. That would be the office of an appeal and not of a mandamus. The proceeding by mandamus is not the proper method of revising and correcting errors of the trial courts. The

writ cannot properly be used as a method of appeal. If the District Court had authority to entertain the case, the relators' petition for mandamus should be denied. Osborn v. Younger, 235 S. W., 558; Galbraith v. Bishop, 287 S. W., 1087; Jackson v. Wallace, 239 S. W., 698; Smith v. McDaniel, 170 S. W., 1070; Crowdus v. Turner, 270 S. W., 1041; Jirou v. Jirou, 136 S. W., 493; Hickman v. Swain, 210 S. W., 548; Kruegel v. Porter, 136 S. W., 801; Vardeman v. Edwards, 21 Texas, 737; Merrill v. Roberts, 78 Texas, 28; Robbie v. Upson, 153 S. W., 406; Rogers v. Dickson, 176 S. W., 865; Browning v. Pumprey, 81 Texas, 163; White v. Homes, 129 S. W., 872; Glidden Stores v. Boyd, 287 S. W., 1093; Nevitt v. Wilson, 285 S. W., 1079; Pierce v. Watkins, 114 Texas, 153; Green v. Green, 288 S. W., 406; State v. Bigham, 280 S. W., 1062; Glenn v. Milam, 263 S. W., 900; Jefferson v. Scott, 135 S. W., 705; McDaniel v. Hightower, 111 Texas, 585; Farmers Gas Co. v. Calame, 262 S. W., 546; Peckham v. Clark, 294 S. W., 278; McCord-Collins Co. v. Stern, 61 S. W., 341; Wright v. Swayne, 104 Texas, 440; Cleveland v. Ward, 285 S. W., 1063; Orange Grocery Co. v. Leverett, 282 S. W., 625; Tinsley v. Corbett, 66 S. W., 910; Wolf v. Sahm, 120 S. W., 1114; Laurine v. Ashe, 109 Texas, 69, 191 S. W., 563; Texas Farm Bureau v. Lennox, 296 S. W., 325; Pollard v. Speer, 207 S. W., 620; Robertson v. Work, 207 S. W., 1117; Smith v. Conner, 98 Texas, 434, 84 S. W., 815; Townes v. Lattimore, 114 Texas, 511, 272 S. W., 435; Dickinson v. Dickinson, 138 S. W., 205.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The relators, August Nachant and others, seek the issuance by the Supreme Court of a writ of mandamus against the Honorable W. E. Monteith, Judge of the District Court for the Sixty-first District, requiring him to observe and give full force and effect to the judgment of dismissal hereinafter mentioned. On November 8, 1926, and for several years prior to that date, there was pending in said district court a suit which was numbered 63,787 and styled G. H. Herman v. August Nachant, et al. On the date mentioned, November 8, 1926, a judgment of dismissal for lack of prosecution was entered in the suit. The suit was one of trespass to try title that had been instituted by G. H. Herman against the relators as defendants. Prior to such dismissal, G. H. Herman died and his representatives, who are co-respondents here, duly made themselves

parties plaintiff in his stead. After the judgment of dismissal was entered the plaintiffs in the suit failed to file a motion for new trial or any other character of pleading within thirty days from the entry of the dismissal judgment. On January 12, 1927, they filed a pleading, bearing the same style and number of the dismissed suit, which pleading they denominated their "Motion to Reinstate and Bill of Review." The defendants in the dismissed suit, who are the relators here, waived citation and filed answer to this pleading. Afterwards the plaintiffs, under leave of court, filed an amended "Motion to Reinstate and Bill of Review," and the defendants filed an amended answer in response thereto. Thereupon the court, on July 1st, 1927, heard the said pleadings of the parties, and the evidence offered by the plaintiffs; and entered judgment purporting to set aside the dismissal judgment of November 8, 1926; and set the case down for further hearing on the merits at a later date. The relators strenuously resisted such action of the court on the alleged ground that the court was without jurisdiction because the term of court at which the dismissal judgment was entered had terminated, as respects the case in which such judgment was entered, prior to the filing of the original motion to reinstate and bill of review. And it is upon this ground that the relators seek the mandamus here, contending in effect that the purported motion and bill of review constitutes nothing more than an ordinary motion for new trial.

The amended "Motion to Re-instate and Bill of Review," apart from its number and style, bears the earmarks of a petition in an independent suit for equitable relief. Its formal parts are those of a petition; and issues of fact are tendered as constituting a cause of action. It alleges an action of trespass to try title, describing the land involved in the dismissed suit. It alleges the former pendency of the suit, and the entry of the dismissal judgment, and alleges facts as showing that the dismissal was entered through accident and mistake. It also alleges facts as showing that the plaintiffs, through no fault of theirs, were unaware of such dismissal judgment having been entered until January 11, 1927; and facts are alleged as showing that the plaintiffs were not negligent in the premises. It alleges in detail a meritorious cause of action for the recovery of said land, which will be lost if the dismissal judgment is not vacated. It contains allegations of fact as showing that an appeal or writ of error will not afford the plaintiffs adequate relief from the destructive effects which the dismissal judgment has on their cause of action. Without summarizing further, it is deemed sufficient for us to say,

that the pleading alleges facts in detail as affording the plaintiffs therein equitable grounds for the vacating of said judgment; the existence and sufficiency of which alleged facts the trial court, as a court of first instance, has jurisdiction to determine.

We do not find it necessary to consider that provision contained in Section 30 of Article 2092 of the Statutes, which relates to bills of review. For it is our opinion that, regardless of that statute, the trial court had jurisdiction of the subject-matter of the plaintiffs' so-called Motion to Reinstate and Bill of Review. The averments of this pleading are of such nature as to require the trial court to take cognizance of the matters presented, as of a new suit seeking equitable relief, even if such pleading should not be entertained as a continuation of the old suit. Galbraith v. Bishop, 287 S. W., 1087; Osborne v. Younger, 235 S. W., 558.

The judgment, in respect of which the plaintiffs in said pleading seek relief, is one of dismissal. Therefore it is of no consequence, in this proceeding for mandamus, whether the interlocutory order of July 1, 1927, purporting to set aside such judgment, does or does not effect that purpose. A decision in this proceeding does not require a determination as to the effectiveness of such interlocutory order, and we express no opinion in that regard.

We recommend that the application for mandamus be refused.

The opinion of the Commission of Appeals is adopted, and the mandamus refused.

*C. M. Cureton*, Chief Justice.