## CITY OF EASTLAND v. OWEN.
### No. 972.

Court of Civil Appeals of Texas. Eastland.
April 15, 1932.

Rehearing Denied May 12, 1932.

Turner, Seaberry & Springer, of Eastland, for appellant.

Frank Judkins, of Eastland, for appellee.

FUNDERBURK, J.

On February 27, 1924, the city of Eastland, for the use of Texas Bitulithic Company; filed suit against Briggs Owen to recover the balance upon an assessment for a street improvement and to foreclose a lien upon the property improved. On January 26, 1926, the case was dismissed for want of prosecution. On June 6, 1927, at a subsequent term of court, a motion (so denominated) was filed, seeking to have the order of dismissal set aside and the cause reinstated. On March 17, 1930, an amended motion was filed, which it was prayed should be considered in the nature of a bill of review. No citation was issued on the original or amended motion, but notice thereof was given to the defendant's attorneys. On said March 17, 1930, the court, upon hearing, set aside its former order dismissing the case, and rendered judgment for the plaintiff. Upon writ of error this court reversed that judgment on the ground that the court below had acquired no jurisdiction of the person of the defendant. Owen v. City of Eastland (Tex. Civ. App.) 37 S.W.(2d) 1053.

After remand plaintiff filed a second amended bill of review on April 16, 1931, and the defendant filed answer April 22, 1931. Upon the second trial of the case by the court without a jury, judgment was rendered for defendant, from which plaintiff has appealed.

Appellant contends that the judgment of the court below was predicated upon a finding that the action, in so far as it was one to set aside the former order of dismissal, was barred by limitation. Appellee adopts this theory and seeks to sustain the judgment of the court on the ground that the action was barred. The question presented for decision then is whether or not the undisputed evidence showed that the action was not barred.

It seems to be the position of appellee that, treating the present action, after the filing of the amended motion on March 17, 1930, as a suit in the nature of a bill of review, the suit was not "brought" until the filing of the third pleading on April 16, 1931—more than five years after the original suit was dismissed—and that there were no facts alleged or proved to show that the alleged fraud resulting in the dismissal was not discovered, or, in the exercise of due care, could not have been discovered, more than four years prior to the bringing of such action. We are impressed with the force of the argument to the effect that there was no pleading or evidence to show that plaintiff could not, in the exercise of reasonable care, have discovered the alleged fraud more than four years before April 16, 1931, but by reason of what is hereafter said we find it unnecessary definitely to pass upon this question.

[1, 2] We have concluded that the original pleading, although designated a motion, had the effect to stop the running of limitation. It was filed within four years from the dismissal of the suit and was in all respects sufficient as a bill of review, except the omission to allege the original cause of action as the basis for a judgment settling the rights of the parties independently of the original suit. Even in this respect it was alleged: "That in truth and in fact plaintiff has a valid cause of action against the defendant as set forth in the original petition filed in said cause on February 27th, 1924, reference to which is here made for all purposes," etc. But for the reasons pointed out in the former opinion this allegation would have supplied all that was needful to make the pleading good as a bill of review. It seems to be well settled that, if the pleading possesses the essential elements of a bill of review, it is immaterial that it was filed under the number and style of the former suit, or that it was designated a motion. Osborn v. Younger (Tex. Com. App.) 235 S. W. 558; Smith v. Kraft (Tex. Civ. App.) 9 S.W.(2d) 472; Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087; Squyres v. Rasmussen (Tex. Civ. App.) 296 S. W. 977; Nachant v. Montieth, 117 Tex. 214, 299 S. W. 888.

It is also immaterial upon the question of limitation that the pleading may have been defective even to the extent of being subject to a general demurrer. Pope v. K. C., M. & O. Ry. Co., 109 Tex. 311, 207 S. W. 514; Reclamation Co. v. Simmons (Tex. Civ. App.) 293 S. W. 194; Bigham v. Talbert, 63 Tex. 271; Western Union Telegraph Co. v. Smith (Tex. Civ. App.) 146 S. W. 332.

Appellee argues that the filing of the amended pleading on March 17, 1930, without having citation issued to the defendant until after the case was reversed by this court, if the pleading was sufficient as a bill of review, did not stop the running of limitation. The same argument, of course, would apply with equal force to the original motion filed June 6, 1927. This position would probably be correct but for the peculiar provision of R. S. 1925, art. 5529, which is the limitation statute applicable to this action. Garza v. Kennedy (Tex. Com. App.) 299 S. W. 231, and authorities cited. Under this statute it is only necessary, in order to stop the running of limitation, that suit be "brought," and not that it be also "prosecuted," as is provided in other sections of the limitation statutes. Hannaman v. Gordon (Tex. Com. App.) 261 S. W. 1006. This being the only point in controversy on the limitation question, we think it appears from the undisputed evidence that the action was not barred.

There is no controversy about the right of appellant otherwise to have judgment for the balance of the assessment due, together with interest and reasonable attorney's fees. There seems to be no necessity for a remand of the case unless it be to determine the amount of attorney's fees. All the evidence as to reasonable attorney's fees, consisting of the testimony of some four or five practicing lawyers, was to the effect that $500 would be a reasonable fee. We are of opinion, however, that this testimony should be interpreted to mean that $500 was, in the opinion of the witnesses, the value of the work performed by the attorneys. To this we are prepared to agree. But such we think is not a conclusive test of the reasonableness of the fee which appellant is authorized to charge upon the appellee. It not infrequently happens that the conduct of a case in court involves much more work than a reasonable fee would compensate. A reasonable fee is held to mean "such a fee as would be reasonable for a litigant himself to pay his own attorney for prosecuting the case, and not a speculative or contingent fee based upon the uncertainty of the liti-

gation." Southland Life Ins. Co. v. Norton (Tex. Com. App.) 5 S.W.(2d) 767, 768. It is not reasonable, we think, that appellant would have in the beginning voluntarily contracted to pay its attorneys a fee of $500 to prosecute a suit to collect a principal sum of $467.13. The last cited case is authority for the proposition that we may determine the amount of a reasonable fee, which of course would obviate the necessity for a remand of the case. We are of opinion that $200 would be a reasonable fee, and hereby find that amount to be due.

It is accordingly our opinion that the judgment of the trial court should be reversed, and that judgment be here rendered for appellant for the use and benefit of Texas Bitulithic Company for the balance of the assessment sued for, with interest and $200 as attorney's fees, and for costs, all of which is accordingly so ordered.

Reversed and rendered.