Norma Zane BIGGS, Appellant,

v.

William D. BIGGS, Appellee.

No. 1626.

Court of Civil Appeals of Texas,
14th District.

June 15, 1977.

Rehearing Denied July 6, 1977.

William J. Rohrbach, Jr., James J. Hippard, Sr., Sullins & Johnston, Houston, for appellant.

T. Turner Pope, III, Houston, for appellee.

COULSON, Justice.

Norma Zane Biggs appeals from a summary judgment rendered against her in a suit in the nature of an equitable bill of review brought against her former husband, William D. Biggs, to set aside the community property division in a divorce judgment. We affirm.

On December 15, 1975, a decree of divorce terminated the five year marriage of Norma and William Biggs. Mrs. Biggs did not appear in court, but signed a waiver of citation in which she acknowledged receiving a copy of the original petition for divorce filed by Mr. Biggs. Incorporated in the trial court's judgment was an agreement incident to divorce executed by Mr. and Mrs. Biggs. The agreement specifically provided that the parties intended to effect only a partition of the community estate, and that each party disclaimed any interest in the separate property of the other spouse.

The instant litigation was commenced by Mrs. Biggs on July 7, 1976, in a suit in the nature of an equitable bill of review. Mrs. Biggs alleged that Mr. Biggs had engaged in a deliberate scheme of extrinsic fraud and deceit, whereby she was kept from knowing the true nature and extent of their community estate, was induced not to appear in court and seek an equitable share of the total community estate, which allegedly would have been at least $200,000.00 more than she received, and that she was led to believe, by continued physical and verbal expressions of love and affection, that her husband would abandon his suit for divorce and reconcile their marriage.

Mr. Biggs's answer consisted of a general denial, a plea of estoppel by reason of Mrs. Biggs having accepted the benefits of the property disposition incorporated in the divorce judgment, a plea of estoppel by laches, an assertion that the alleged fraud, if any, was intrinsic instead of extrinsic, and an allegation that if Mrs. Biggs were prevented from a proper presentation of her case, she contributed to such prevention by her own negligence.

Mr. Biggs filed a motion for summary judgment supported by his affidavit and the affidavit of the comptroller of Garden-Land, Inc., a Texas corporation, of which Mr. Biggs was president and majority stockholder. The affidavits detailed payments made by Mr. Biggs and Garden-Land to Mrs. Biggs pursuant to the agreement incident to divorce. Mr. Biggs swore that Mrs. Biggs was entitled to all of these benefits only by virtue of the property settlement; none of these benefits had been tendered by Mrs. Biggs to him or into the court; he had not by actions or words kept Mrs. Biggs from knowing any facts concerning the property mentioned in the agreement; had not kept her from seeking independent legal counsel before or after

the divorce was granted; and he had married his present wife on December 18, 1975 (three days after his divorce from Norma Biggs).

The answer and affidavit filed in opposition to the motion for summary judgment essentially repeated the allegations in appellant's amended petition and also pointed out that appellant had tendered all benefits she had or would receive under the terms of the property settlement. It should be noted that no tender had been made into the registry of the court or to Mr. Biggs; Mrs. Biggs merely pleaded that she stood "ready and willing to return such amounts to the general hodge podge of the community estate . . . ."

Being of the opinion that there was no genuine issue as to any material fact and that Mr. Biggs was entitled to judgment as a matter of law, the trial court granted appellee's motion for summary judgment and entered a take-nothing judgment against Mrs. Biggs on December 13, 1976. Mrs. Biggs appeals from that judgment.

■ We are faced at the outset with a motion to dismiss the appeal on the grounds that Mrs. Biggs voluntarily accepted the benefits of the judgment which she now attacks. *See Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950). We do not believe that a dismissal would be proper under the circumstances. Mrs. Biggs is appealing from a take-nothing judgment rendered against her, not from a judgment from which she has been benefited. However, we do hold that *Carle v. Carle* provides an adequate basis for affirming the summary judgment rendered against Mrs. Biggs.

■ As a general rule, a litigant cannot treat a judgment as both right and wrong, and, if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. *Carle v. Carle*, 149 Tex. at 472, 234 S.W.2d at 1004; *Manville v. Garrison*, 538 S.W.2d 819, 820 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.); *Trader v. Trader*, 531 S.W.2d 189, 190 (Tex.Civ.App.—San Antonio 1975, writ dism'd); *Griffin v. Smith*, 457 S.W.2d 127, 128 (Tex.Civ.App.—San Antonio 1970, writ ref'd); *Richards v. Richards*, 430 S.W.2d 18, 20 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.). This rule has been applied to bill of review cases. *See, e. g., Swearingen v. Swearingen*, 487 S.W.2d 784, 788 (Tex.Civ.App.—San Antonio 1972, writ dism'd); *Smith v. Manger*, 449 S.W.2d 347, 349 (Tex.Civ.App.—San Antonio 1970, no writ). *Cf. Ragsdale v. Ragsdale*, 520 S.W.2d 839, 844 (Tex.Civ.App.—Fort Worth 1975, no writ); *McFarland v. Reynolds*, 513 S.W.2d 620, 625 (Tex.Civ.App.—Corpus Christi 1974, no writ).

■ Affidavits and exhibits filed in support of the motion for summary judgment establish that Mrs. Biggs has received approximately $36,000.00 from Mr. Biggs and Garden-Land, Inc. under the terms of the property agreement incorporated in the divorce judgment. This figure includes payments for unearned salary, the lease by Garden-Land, Inc. of community real estate, the lease by Garden-Land, Inc. of a Lincoln Continental for Mrs. Biggs's exclusive use, and cash payments made by Mr. Biggs directly to Mrs. Biggs. More than $11,000.00 in benefits has been paid to Mrs. Biggs since July 7, 1976, when the present suit was instituted. Mrs. Biggs does not dispute that she has voluntarily accepted these benefits. She justifies that acceptance by an assertion that she is entitled to at least $200,000.00 more than she has already accepted.

There is no evidence in the record that Mrs. Biggs was compelled by financial duress to involuntarily accept the benefits of the judgment. *See McCartney v. Mead*, 541 S.W.2d 202, 205 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). Uncontradicted deposition testimony discloses that Mrs. Biggs's separate property includes approximately $50,000.00 in certificates of deposit. Neither is there any evidence that Mrs. Biggs could claim these benefits as a matter of right.

The parties cannot be returned to the status quo existing prior to the divorce. In reliance on the property agreement and divorce judgment, Mr. Biggs has remarried,

thus creating a new community estate. He has sold many of the assets of Garden-Land, Inc., which he has always considered to be his separate property, and in which Mrs. Biggs now claims to have a community interest. Relitigating these issues at this time would prejudice the rights of Mr. Biggs.

We hold that a divorce judgment may not be set aside by bill of review where the complainant has voluntarily accepted the benefits of the judgment, under no financial compulsion to do so, continues to voluntarily accept those benefits after the alleged fraud is discovered and bill of review filed, and where the rights of the other spouse would be prejudiced if the judgment were set aside. Therefore, the trial court properly rendered summary judgment against appellant on her bill of review.

We would affirm the summary judgment entered against Mrs. Biggs even if she had not accepted benefits under the divorce judgment. Mrs. Biggs made gross allegations of fraud and deceit on the part of Mr. Biggs and his attorney which prevented her from appearing in court to claim a larger share of the community estate. However, the specific damages alleged to have resulted from this fraud are limited to the following: (1) that Mr. Biggs told Mrs. Biggs that the property settlement agreement would provide for Mrs. Biggs to get their residence and farm free and clear of all liens and indebtedness when, in fact, the agreement provides that she shall be responsible for the monthly mortgage payments; and (2) that Mr. Biggs, with the aid and assistance of his attorney, deliberately failed to include in the property settlement agreement the community estate in Garden-Land, Inc., and in several insurance policies.

▪ A bill of review is an equitable proceeding in which the moving party must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. *Alexander v. Hagedorn*, 148 Tex. 565, 568, 226

S.W.2d 996, 998 (1950). Only extrinsic fraud will entitle a complainant to relief by bill of review. Intrinsic fraud does not furnish a ground for setting aside a judgment in an independent suit brought for that purpose. *Alexander v. Hegedorn*, 148 Tex. at 574, 226 S.W.2d at 1001. Moreover, the complainant must allege and prove that he exercised due diligence to avail himself of all adequate legal remedies against the former judgment, and that at the time he files the bill of review there remains no such adequate legal remedy still available. *French v. Brown*, 424 S.W.2d 893, 896 (Tex. Sup.1967); 4 McDONALD, TEXAS CIVIL PRACTICE § 18.27.6 (rev. ed. 1971).

▪ Fraudulent instruments and perjured testimony are species of intrinsic fraud. *Alexander v. Hagedorn*, 148 Tex. at 574, 226 S.W.2d at 1001. Assuming that the property agreement signed by Mr. and Mrs. Biggs does not reflect the true agreement between the parties, the instrument would be fraudulent, but not subject to attack by bill of review. As written in *Bankston v. Bankston*, 251 S.W.2d 768, 772 (Tex.Civ.App.—Dallas 1952, mand. overruled):

The fraud at most relates to untruths which misled both plaintiff and counsel into acquiescence and approval of an unjust division of property. If misrepresentations were made and appellant relied thereon, they bore either actually or potentially on the matters at issue in the former trial and thus tantamount to no more than intrinsic fraud.

▪ We hold that the allegation that the property agreement filed in the divorce trial does not conform to the agreement between the parties is no more than an allegation of intrinsic fraud which will not support a bill of review. *Lee v. Lee*, 509 S.W.2d 922, 926 (Tex.Civ.App.—Beaumont 1974, writ ref'd n. r. e.); *Boley v. Boley*, 506 S.W.2d 934, 940 (Tex.Civ.App.—Fort Worth 1974, no writ); *Raney v. Mack*, 504 S.W.2d 527, 533 (Tex.Civ.App.—Texarkana 1973, no writ); *Bell v. Bell*, 434 S.W.2d 699, 701 (Tex.Civ.App.—Beaumont 1968, writ ref'd n. r. e.); *Bankston v. Bankston*, 251 S.W.2d

768, 772 (Tex.Civ.App.—Dallas 1952, mand. overruled). *Cf. Ragsdale v. Ragsdale*, 520 S.W.2d 839, 843 (Tex.Civ.App.—Fort Worth 1975, no writ); *McFarland v. Reynolds*, 513 S.W.2d 620, 625 (Tex.Civ.App.—Corpus Christi 1974, no writ).

It is well settled that where a divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners thereof, and the judgment entered in the divorce suit does not preclude either spouse from seeking a partition of the undivided community. *Busby v. Busby*, 457 S.W.2d 551, 554–55 (Tex.Sup.1970). If community assets were excluded from the property agreement incorporated in the divorce judgment, by fraud or otherwise, Mrs. Biggs can sue to partition those community assets. She may not bring a bill of review until she exhausts her legal remedy of partition.

Further, we fail to see how the alleged acts of Mr. Biggs prevented Mrs. Biggs from seeking a new trial or a direct appeal. His alleged promises of reconciliation fall far short of establishing that Mrs. Biggs was not negligent in allowing the divorce judgment to become final.

Justice will be better served if we restrict the availability of bills of review in divorce cases to only the most egregious circumstances. There must be a finality to judgments. This is especially true in divorce cases where the financial and emotional stakes are high. The gross allegations of fraud made in this case could be made with respect to virtually any divorce judgment which includes a property settlement agreement.

Appellee's motion to dismiss the appeal is denied. The summary judgment rendered in favor of appellee is affirmed.

Judgment affirmed.