**Margaret Elizabeth HAMBORSKY, Appellant,**

v.

**Rudolph J. HAMBORSKY, Appellee.**

**No. 16065.**

Court of Civil Appeals of Texas, San Antonio.

June 13, 1979.

Rehearing Denied July 25, 1979.

William Dickson, Houston, for appellant.

Peter Torres, Jr., San Antonio, for appellee.

## OPINION

MURRAY, Justice.

On June 24, 1977, Margaret Elizabeth Hamborsky, appellant, filed a motion for bill of review in the 57th Judicial District Court of Bexar County, Texas, against Rudolph J. Hamborsky, appellee. In her bill of review, appellant sought a readjudication of the division of the Hamborsky's community property as decreed on April 4, 1972, in their suit for divorce.

Appellant alleges that prior to filing the suit for divorce, appellee conveyed 5.25 acres out of a 77.3 acre tract to his uncle, George R. Richnafsky, and that this conveyance was in fraud of appellant's community interest. Appellant did not attempt to set this conveyance aside, but sought to set aside the entire property division and have the court readjudicate that portion of the divorce decree because this conveyance was in fraud of appellant's community interest. The trial court sustained appellee's plea in abatement, and appellant perfected her appeal to this court.

Appellant's only point of error contends that the trial court erred in granting appellee's plea in abatement, which dismissed appellant's motion for bill of review, because a divorced wife has the right to reopen the matter of the division of the parties' community property by bill of review when her husband's fraud in misrepresenting the amount and value of their community property prevented the wife from obtaining a fair trial of her rights in the divorce proceedings and in the division of the parties' community property.

The rules relating to bills of review in seeking to set aside final judgment are stated by our Supreme Court in the case of

*Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950) as follows:

Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments "are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted"; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done. *Harding v. W. L. Pearson & Co. et al.*, Tex.Com.App., 48 S.W.2d 964. As said by the Supreme Court of California, "Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice." (citations omitted)

148 Tex. at 568–69, 226 S.W.2d at 998. Under these rules a trial court in the exercise of its equity powers has authority to grant this relief against its former judgment as equity and justice demands in a suit brought expressly for that purpose where the former judgment had been obtained by fraud. The fraud that will authorize a bill of review to set aside a former judgment must be what has been termed "extrinsic fraud." *Alexander v. Hagedorn*, 148 Tex. at 574, 226 S.W.2d at 1001.

■ The type of fraud alleged by appellant is "intrinsic fraud" and will not authorize a court of equity to vacate a former judgment in an independent suit brought for that purpose. *State v. Wright*, 56 S.W.2d 950 (Tex.Civ.App.—Austin 1933, no writ). In *State v. Wright* the court stated:

'Intrinsic fraud' in the procurement of a judgment is not ground, however, for vacating such judgment in an independent suit brought for that purpose. And within that term is included such matters as fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering the judgment assailed. While in some instances this may seem a harsh rule, on the other hand, if judgments are to be reopened and attacked on the grounds of false testimony introduced in their procurement, where neither party is prevented from asserting all his rights, it is obvious that there would be no end to suits by the losing parties, attempting to relitigate their controversies in this manner after they had already had their day in court, and their cause had already been once adjudicated.

56 S.W.2d at 952.

Appellant's allegation that the transfer was in fraud of her community interests would be a factor that the trial court could consider in dividing the community property. It might well be that the trial court would have divided the community property in a different manner had it heard evidence of this transfer and found that it was in fraud of the appellant's community interest. Nevertheless, perjured testimony or testimony withheld, which would have a bearing on an issue in the trial, is not a sufficient basis for setting aside a final judgment on bill of review. *See Crouch v. McGaw*, 134 Tex. 633, 138 S.W.2d 94 (1940).

■ We hold under the state of the record in this case that the divorce decree should not be set aside and the community property division readjudicated. What we have said does not preclude appellant from bringing a suit to partition the property that was not disposed of in the divorce case. *See Biggs v. Biggs*, 553 S.W.2d 207 (Tex. Civ.App.—Houston [14th Dist.] 1977, writ dism'd).

The judgment of the trial court is affirmed.