**John Thomas LAWRENCE, Sr., Appellant,**

**v.**

**Irene LAWRENCE, Appellee.**

**No. 06–95–00048–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Oct. 5, 1995.

Decided Oct. 12, 1995.

Rehearing Overruled Nov. 7, 1995.

---

**3.** *See Alfaro v. State,* 638 S.W.2d 891, 895 (Tex.    Crim.App.1982).

Sam W. Bostick, Longview, for appellant.

W.F. Palmer, Palmer Law Firm, Marshall, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

John Thomas Lawrence, Sr. appeals from an adverse judgment in his bill of review action seeking to set aside portions of a divorce decree. The trial court granted respondent Irene Lawrence a summary judgment. We affirm.

John Lawrence and Irene Lawrence were divorced by a decree rendered on June 3, 1988, in the 71st District Court of Harrison County. Neither filed a motion for a new

trial, appealed, or filed for a writ of error. On February 24, 1995, John Lawrence filed a bill of review seeking to overturn part of the 1988 decree dealing with the marital estate division. Irene Lawrence moved for summary judgment on grounds that the pleadings failed to show that John Lawrence was entitled to relief by bill of review, and that the action was barred by limitations and laches. The court granted Irene Lawrence's motion for summary judgment without specifying the grounds relied upon.[1]

John Lawrence raises several points of error, which in general contend that the trial court erred by granting summary judgment.

■■■ Summary judgment is proper when the movant shows by uncontroverted or conclusive summary judgment evidence that no issue of material fact exists and that she is entitled to judgment as a matter of law. In deciding whether a disputed material fact issue precludes summary judgment, a reviewing court will take as true all evidence favorable to the nonmovant and will indulge all reasonable inferences and resolve all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When a defendant moves for summary judgment, she must show that no genuine issue of fact exists as to one or more of the essential elements of the plaintiff's cause of action, Tex.R.Civ.P. 166a; *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970), or that an affirmative defense is established as a matter of law.

*Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex.1984) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)).

■■■ A reviewing court may not affirm a summary judgment on any ground not presented in a summary judgment motion. *Hall v. Harris County Water Control & Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex. App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the reviewing court will affirm the order if any theory advanced is meritorious. *Insurance Co. of N. Am. v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ). The reviewing court is to consider only the evidence before the trial court at the time of the summary judgment motion hearing. *Oden v. Marrs*, 880 S.W.2d 451, 454 (Tex.App.—Texarkana 1994, no writ).

■■■ A bill of review is an independent equitable action[2] that a party to a previous action brings seeking to set aside the prior judgment that is no longer appealable or subject to a new-trial motion. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). After the expiration of thirty days from the date the trial court rendered judgment or overruled the new-trial motion, it cannot set aside the judgment except by bill of review for sufficient cause, filed within the time allowed

---

1. Irene Lawrence is appellee in another suit pending before this court, *John Thomas Lawrence, Jr. v. Irene Lawrence*, 911 S.W.2d 450 (Tex.App.—Texarkana 1995). That suit also involves the divorce property settlement, in which the court granted Irene Lawrence a $50,000.00 judgment against John Lawrence, Sr. and granted her a life estate in a ten-acre Harrison County tract, which was Lawrence Sr.'s separate property. Irene Lawrence filed an abstract of judgment imposing a lien on the property. Lawrence Sr. subsequently transferred title to the Harrison County property to his son, John Thomas Lawrence, Jr. Irene Lawrence received a declaratory judgment impressing the judgment lien on the property Lawrence Sr. transferred to his son. Lawrence Jr. unsuccessfully argued that the tract had been his father's homestead and that he was successor in interest. Lawrence Jr. is appealing the decision.

2. A bill of review is a separate suit and should be given a new docket number, *Lehtonen v. Clarke*, 784 S.W.2d 945, 947 n. 1 (Tex.App.—Houston [14th Dist.] 1990, writ denied), although it will not be dismissed, assuming its allegations are otherwise sufficient, if it is given the number of the action in which the judgment was rendered and is mistakenly called a "motion for new trial" or given some other improper label, *Nachant v. Monteith*, 117 Tex. 214, 299 S.W. 888, 888–89 (1927); 5 McDonald Texas Civil Practice § 29:6 (rev.1992). Here, John Lawrence filed a suit styled *In the Matter of the Marriage of Irene Lawrence and John Thomas Lawrence, Sr.*, and used the original divorce cause number, No. 87–0676. The trial court assigned a new cause number, No. 95–0195, and styled the case *John Thomas Lawrence, Sr. v. Irene Lawrence*, which is proper. *See, e.g., Beck v. Beck*, 771 S.W.2d 141 (Tex.1989) (petitioner for bill of review seeks to set aside divorce judgment).

by law. Tex.R.Civ.P. 329b(g); *Baker v. Goldsmith, supra.* To be successful in a bill of review, the plaintiff must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which fraud, accident, or the opposing party's wrongful act prevented him from presenting, (3) without any fault or negligence of his own. *Baker v. Goldsmith,* 582 S.W.2d at 406–407.

The plaintiff also must allege and prove that he exercised due diligence to avail himself of all adequate legal remedies against the former judgment and that when he filed the bill of review no such adequate legal remedy remained. *Biggs v. Biggs,* 553 S.W.2d 207, 210 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd); *also see generally* 5 McDonald Texas Civil Practice § 29:17 (rev. 1992).

■ The plaintiff must as a pretrial matter present prima facie proof to support the meritorious defense. *Baker v. Goldsmith,* 582 S.W.2d at 408. The relevant inquiry is not whether the result would be different on retrial, but instead whether the defense is not barred as a matter of law and whether the complainant will be entitled to judgment if no contrary evidence is offered. *Id.* at 408–09. The defendant may respond with proof showing the defense is barred as a matter of law, but the trial court must resolve factual disputes in favor of the plaintiff at this pretrial legal determination. *Id.* If the court determines that the plaintiff has not made out a prima facie meritorious defense, it ends the proceeding and dismisses the case. *Id.* The court will hold a trial only if a prima facie meritorious defense has been shown. *Id.; also see generally* 5 McDonald Texas Civil Practice § 29:11[b] (rev. 1992).

John Lawrence claims three defenses: (1) the trial court abused its discretion in dividing the marital estate; (2) Irene Lawrence committed fraud by concealing marital assets; and (3) the court improperly awarded Irene Lawrence a life estate in John Lawrence's separate property homestead.

As to the first two defenses, we find that John Lawrence did not produce competent summary judgment evidence raising a genuine issue of fact on those defenses.

■ As to the third defense, the trial court awarded ten acres in Harrison County to John Lawrence as his separate property and awarded Irene Lawrence a $50,000.00 judgment against John Lawrence. The court, noting the land was John Lawrence's separate property, granted Irene Lawrence the "exclusive use, benefit, enjoyment and right of occupancy of the 10 acre tract," during her life. The court did this to restore Irene Lawrence "to her prior homestead, and as a result of Respondent's wrongful acts which substantially contributed to the dissolution of the marriage." John Lawrence contends that the trial court improperly awarded Irene Lawrence a life estate rather than a homestead interest, thereby divesting him of his fee interest in his separate property. *LeBlanc v. LeBlanc,* 761 S.W.2d 450 (Tex. App.—Corpus Christi 1988), *writ denied per curiam,* 778 S.W.2d 865 (Tex.1989). According to the authority cited, John Lawrence is correct in this contention. Thus, he has shown, prima facie, a meritorious defense.

To be entitled to a bill of review, however, John Lawrence must also prove that he was prevented from proving his defense because of extrinsic, rather than intrinsic, fraud, *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 1001 (1950), or that he was a victim of official mistake, *Transworld Fin. Servs. v. Briscoe,* 722 S.W.2d 407, 408 (Tex. 1987).

■ Extrinsic fraud is a wrongful act of the opposing party that prevents the losing party from either knowing about his rights or defenses or from having a fair opportunity of presenting them at trial. *Alexander v. Hagedorn, supra.* Extrinsic fraud is collateral to the matter tried and not something that was actually or potentially in issue at trial. *Law v. Law,* 792 S.W.2d 150, 153 (Tex.App.—Houston [1st Dist.] 1990, writ denied). Intrinsic fraud includes false testimony, fraudulent instruments, and any fraudulent matter the court heard and considered in rendering judgment. *Law v. Law,* 792 S.W.2d at 153 n. 2.

John Lawrence contends that Irene Lawrence acknowledged at trial that she had

some community funds in a bank account and that she had not included the funds and the account in her inventory, but that the trial court prevented him from proving those facts. These facts, at best, would constitute intrinsic fraud because they constitute something that the court heard and considered in rendering judgment. Thus, they will not support a bill of review. Even though John Lawrence apparently has a meritorious defense on the question of the life estate awarded Irene Lawrence, he has not shown that he was prevented by extrinsic fraud from making his defense.

A bill of review petitioner need not show extrinsic fraud on his opponent's part if he can show that his reliance on a court officer who improperly executed his official duties led to the judgment. *Transworld Fin. Servs. v. Briscoe, supra.* A court officer in this context does not include the party's attorney. *Id.* John Lawrence alleges that his misplaced reliance on his attorney led in part to his failure to pursue his appeal. This does not constitute official mistake.

Even if John Lawrence both presented his meritorious defense and proved extrinsic fraud or official mistake, he also must show he exercised due diligence to avail himself of all adequate legal remedies against the former judgment. *Biggs v. Biggs, supra.* He neither filed a motion for a new trial nor appealed the original judgment. If he had legal remedies available but ignored them, the equitable remedy of a bill of review will not later intervene. *Commission of Contracts v. Arriba, Ltd.,* 882 S.W.2d 576, 581 (Tex.App.—Houston [1st Dist.] 1994, no writ). This applies if the failure results from the negligence or mistake of a party's counsel. *Brownson v. Reynolds,* 77 Tex. 254, 13 S.W. 986, 987 (1890); *Swearingen v. Swearingen,* 487 S.W.2d 784, 786 (Tex.Civ.App.—San Antonio 1972, writ dism'd).

John Lawrence could have pursued his complaints through an appeal or writ of error. He contends that he did not do so because he could not afford a $10,000.00 supersedeas bond and because he had hired another lawyer after the original trial who kept the files for five years before telling him he could not help him. John Lawrence's failure to prosecute an appeal lies with his own negligence or mistake or with his attorney's negligence or mistake. Furthermore, lack of money is not a sufficient excuse for failure to appeal. *See Trigg v. Trigg,* 83 S.W.2d 1066, 1070 (Tex.Civ.App.—Fort Worth 1935, writ dism'd).

Irene Lawrence's summary judgment proof establishes as a matter of law that no genuine issue of fact exists as to at least one essential element of John Lawrence's cause of action. She has shown that John Lawrence has not proved extrinsic fraud and that he failed to pursue legal remedies when they were available.

Irene Lawrence also raised the affirmative defense of limitations in her summary judgment motion. John Lawrence argues in his answer to her summary judgment motion that the running of the statute of limitations should be tolled because of the discovery rule and the actions of his former attorney.

Absent a showing of extrinsic fraud, *Law v. Law,* 792 S.W.2d at 153, a bill of review must be filed within the four-year statute of limitations, TEX.CIV.PRAC. & REM. CODE ANN. § 16.051 (Vernon 1986); *Sutherland v. Sutherland,* 560 S.W.2d 531, 533 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.).

As for the tolling of the statute due to fraud, a cause of action generally accrues when facts come into existence that authorize a claimant to seek a judicial remedy. *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977). In an action for fraud, limitations begins to run when the fraud is perpetrated or, if the fraud is concealed, from the time it is discovered or could have been discovered by the exercise of reasonable diligence. *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517 (Tex.1988).

Irene Lawrence had the burden of proof on her affirmative defense of limitations. Her summary judgment proof consists of a certified copy of the bill of review, filed February 24, 1995, and a certified copy of the final divorce decree, filed June 31, 1988. These documents establish that the bill of review was filed after the four-year

limitation had run. John Lawrence argues, however, that the statute was tolled by the discovery rule and by his attorney's actions.

Summary judgment evidence includes affidavits, some pleadings, depositions, interrogatories and requests for admissions, other discovery responses, stipulations, authenticated or certified public records, other documents, and judicially noticed evidence. TEX. R.CIV.P. 166a(c). The evidence must be presented in a manner in which it would be admissible at trial. TEX.R.CIV.P. 166a(f).

John Lawrence's unverified documents and his references to the record of the prior divorce trial, which are part of the appellate record but presumably were not part of the trial court's record at the time of the summary judgment hearing, are not competent summary judgment evidence. John Lawrence has failed to carry his burden of proving that limitations was tolled.

Even if the pleadings and assertions are accepted as true, John Lawrence complains primarily that the trial testimony revealed that Irene Lawrence concealed marital assets and that the trial court prevented John Lawrence from developing the testimony. If he discovered, or should have discovered, the concealment at the trial, the statute began running then and was not tolled.

█ As concerns the actions of his attorney, John Lawrence cites no authority that the fraudulent action of a party's attorney will toll the statute against a third party. Generally, the actions of a party's attorney will be attributed to the party. *See Transworld Fin. Servs. v. Briscoe, supra.*

█ John Lawrence also alleges that the trial court's actions in requiring a $10,000.00 supersedeas bond violated the state's open courts doctrine. TEX. CONST. art. I, § 13. This court cannot consider the issue because John Lawrence did not present it in his answer to Irene Lawrence's summary judgment motion. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d at 677.

Moreover, apart from references in his appellate brief and in his bill of review that the trial court required a $10,000.00 supersedeas bond, the appellate record contains no evidence the trial court required the bond.

John Lawrence has failed to meet his burden of presenting an appellate record sufficient to show the error requiring reversal. TEX. R.APP.P. 50(d).

█ Irene Lawrence argues that laches bars John Lawrence's bill of review. The equitable affirmative defense of laches requires proof of: (1) an unreasonable delay by a party having legal or equitable rights in asserting such rights and (2) a good faith change of position by another to his detriment because of the delay. *City of Fort Worth v. Johnson,* 388 S.W.2d 400, 403 (Tex. 1964). Delay alone is not sufficient to constitute laches. *Keown v. Meriwether,* 371 S.W.2d 56, 58 (Tex.Civ.App.—Beaumont 1963, writ ref'd n.r.e.). Injury or prejudice is essential for laches. *Murray v. Murray,* 611 S.W.2d 172, 173 (Tex.Civ.App.—El Paso 1981, no writ).

Irene Lawrence argues that John Lawrence's pleadings show he waited a year and a half after his second attorney returned his file to seek his bill of review. This constitutes the unreasonable delay, she says. She also argues that she changed her position to her detriment by filing a declaratory judgment suit seeking to impress a judgment lien on property John Lawrence transferred to his son, John Thomas Lawrence, Jr. She does not specify how this change in position harms her. Her actions do not arise from John Lawrence's failure to file a bill of review. She might have needed to seek a declaratory judgment even if he had timely filed his bill of review or never filed a bill of review.

Although Irene Lawrence failed to prove her affirmative defense of laches, she did establish her affirmative defense of limitations and that John Lawrence failed to show he was entitled to relief by bill of review.

The judgment is affirmed.