# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00426-CV

**Miguel Solla-Llorens, Appellant**

**v.**

**Adriana Solla, Appellee**

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NO. 280,297-E, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Miguel Solla-Llorens appeals from the trial court's order granting Adriana Solla's petition for bill of review in this dispute over the division of property in a divorce. After granting the petition for bill of review, the trial court signed a revised final divorce decree that altered the property division included in the original divorce decree. In three issues, Solla-Llorens contends that the trial court abused its discretion in granting the bill of review, abused its discretion in redividing the property, and erred by awarding Solla attorneys' fees. Because we conclude that Solla did not demonstrate that she was entitled to relief through a bill of review, we will reverse the trial court's order granting Solla's petition for bill of review, vacate the divorce decree of May 21, 2020, and render judgment reinstating the original May 2015 divorce decree.

## BACKGROUND

Solla and Solla-Llorens married in 2001 and separated in 2010. During their separation, both parties lived in Bell County, and Solla-Llorens was on military duty in Killeen.

Solla-Llorens filed a petition for divorce in July 2010, but the parties took no further action in the divorce proceeding until 2014. In July 2012, Solla-Llorens was stationed at the United States Embassy in Brazil, and Solla, a Brazilian citizen, accompanied him there. Solla-Llorens shipped the parties' 2003 Hummer H2 to Brazil under diplomatic privilege as a diplomatic vehicle, and the vehicle arrived in Brazil in August 2012. Because the Hummer H2 was imported as a diplomatic vehicle, no import taxes were required to be paid on it. Solla and Solla-Llorens lived together in Brazil until September 2013, when Solla returned to live in Bell County and Solla-Llorens remained in Brazil.

In April 2014, Solla filed a counter-petition for divorce. In February 2015, the parties entered into a Mediated Settlement Agreement (MSA) that was signed by both parties and their respective counsel. The trial court signed a final decree of divorce pursuant to the terms of the MSA in May 2015. Four months later, in September 2015, Solla filed a petition for bill of review alleging fraud and requesting that the trial court set aside the May 2015 decree and redivide the marital property. Solla alleged that, despite representing to her during the mediated settlement conference that he would leave the Hummer H2 in Brazil so that she or her representative could take possession of it there, where it had significantly greater resale value, Solla-Llorens shipped the vehicle back to the United States. Solla alleged that Solla-Llorens's misrepresentation at the settlement conference caused her to agree to a property division that she otherwise would not have.

The court held a hearing on the petition for bill of review. At the hearing, Solla-Llorens testified that he never agreed to leave the Hummer H2 in Brazil and that he believed that because he had shipped the vehicle to Brazil under a diplomatic privilege as a diplomatic vehicle, it could not be sold there. Solla-Llorens testified that he believed that the United States Code of

2

Federal Regulations and Brazilian law prohibited employees of the military or their families from disposition of or profit from personal property located in that country. *See* 22 C.F.R. § 136.4(a) (providing that employee or family member shall not sell, assign, or otherwise dispose of personal property within foreign country without prior written approval of chief of mission or designee), (b) (providing that employee or family member shall not retain any profit from sale, assignment or other disposition within foreign country of personal property that was imported into that foreign country and that, by virtue of official status of employee, was exempt from import restrictions, customs duties, or taxes that would otherwise apply).

The trial court granted Solla's petition for bill of review as to the division of property contained in the divorce decree and ultimately signed a new decree of divorce that redivided the marital property. Solla-Llorens then perfected this appeal.

## DISCUSSION

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *See Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam); *In re I.G.*, No. 03-13-00765-CV, 2015 WL 4448836, at *2 (Tex. App.—Austin July 17, 2015, pet. denied) (mem. op.). "Although a bill of review is an equitable proceeding, 'the fact that an injustice has occurred is not sufficient to justify relief by bill of review.'" *In re I.G.*, 2015 WL 4448836, at *2 (quoting *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999)); *see Marriage of Mobley*, 503 S.W.3d 636, 640-41 (Tex. App.—Texarkana 2016, pet. denied). "The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *see Chisti v. Chisti*, No. 01-16-00408-CV,

2017 WL 343612, at *1 (Tex. App.—Houston [1st Dist.] Jan. 24. 2017, no. pet.) (mem. op.) ("Because of the importance our legal system places on the finality of judgments, bills of review are permitted only in exceptional circumstances." (citing *Nelson v. Chaney*, 193 S.W.3d 161, 165 (Tex. App.—Houston [1st Dist.] 2006, no pet.))); *In the Interest of a Child*, 492 S.W.3d 763, 766 (Tex. App.—Fort Worth 2016, pet. denied) ("The fundamental policy that finality must be accorded to judgments makes the grounds upon which a bill of review will be granted narrow and restricted."); *Reynolds v. Reynolds*, No. 14-14-00080-CV, 2015 WL 4504626, at *2 (Tex. App.—Houston [14th Dist.] July 23, 2015, no pet.) (mem. op.) ("Because of the fundamental policy favoring finality of judgments, there are narrow grounds for granting a bill of review."); *Forney v. Forney*, 672 S.W.2d 490, 499 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd w.o.j.) ("There must be finality of judgments, and judgments will be disturbed only in the most egregious circumstances. The proof required to establish a right to a bill of review in a divorce case will therefore not be relaxed even in cases where an injustice results.").

When, as here, the judgment being challenged by a petition for bill of review is not a default judgment, the bill-of-review plaintiff must establish the following elements: (1) a meritorious ground of appeal; (2) which the bill-of-review plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake; (3) unmixed by any fault or negligence on the part of the bill-of-review plaintiff. *See Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 243, 245 (Tex. 1974); *Ramsey v. State*, 249 S.W.3d 568, 573-74 (Tex. App.—Waco 2008, no pet.); *Thompson v. Ballard*, 149 S.W.3d 161, 164 (Tex. App.—Tyler 2004, no pet.). We review a trial court's decision to grant a bill of review for an abuse of discretion. *See Marriage of Mobley*, 503 S.W.3d at 641; *Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.—Dallas 2008, pet. denied). A trial court abuses its discretion when it fails to

4

analyze or apply the law correctly. *See In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016); *In re American Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001) ("A trial court has no discretion to determine what the law is or in applying the law to the facts, and, consequently, the trial court's failure to analyze or apply the law correctly is an abuse of discretion.").

In her petition for bill of review, Solla alleges that Solla-Lorens agreed to transfer ownership of the Hummer H2 to her, that the vehicle would be in good working condition, and that Solla or her representative would take possession of the Hummer H2 in Brazil, where its resale value was significantly higher than in the United States. Solla stated that she relied on this alleged agreement when entering into the MSA rather than "asserting rights to a greater share of the parties' marital estate." The MSA does not include or reference any agreement that the Hummer H2 would remain in Brazil until Solla or her representative took possession of it. With regard to the Hummer H2, the MSA provides that:

> Mother is awarded the Hummer H2 vehicle in Father's possession in Brazil. Father represents that the Hummer is in good working condition and insured until the vehicle is picked up by Mother or her representative. Mother shall have the vehicle picked up from Father's possession no later than 20 days after Father signs over title of the vehicle to Mother and delivers the title to Mother.

The divorce decree lists as part of the "Property to Wife" the "2003 Hummer H2 motor vehicle, vehicle identification number 5GRGN23U73H133806, together with all prepaid insurance, keys, and title documents currently in husband's possession." The decree also provides:

> It is ordered and decreed that [Solla-Llorens] represents the 2003 Hummer H2 that is awarded to [Solla] above, is in good working condition and insured until the vehicle is picked up by [Solla] or her representative. [Solla] shall take possession of the 2003 Hummer H2 from [Solla-Llorens] no later than thirty days after [Solla-Llorens] signs over and delivers the title of the vehicle to [Solla].

5

The decree contains an acknowledgement by both parties that they believe "the agreement to be a just and right division of the marital debts and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce."

Although delivery of the Hummer H2 to Solla in Brazil, as opposed to anywhere else, was not a term of the MSA and was not ordered by the trial court in its divorce decree, Solla maintains that Solla-Llorens's allegedly fraudulent conduct in misrepresenting to her at the mediated settlement conference that he would deliver the vehicle to her in Brazil and instead shipping the vehicle to the United States entitled her to a bill of review. We disagree.

"Fraud in its relation to attacks on final judgments is either extrinsic or intrinsic." *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989). "Only extrinsic fraud will support a bill of review." *Id.*; *see Saldana v. Saldana*, No. 10-15-00411-CV, 2016 WL 1238730, at *6 (Tex. App.—Waco Mar. 24, 2016, no pet.) (mem. op.) ("Only extrinsic fraud will support the fraud element required for a bill of review to be successful."). As one of our sister courts has explained:

> Extrinsic fraud is generally defined as a wrongful act committed by the other party to the suit, which prevented the losing party from either knowing about his rights or defenses, or from having a fair opportunity of presenting them at trial. This general rule, that only extrinsic fraud will justify setting aside a judgment, is based on the principle that judgments are not impeachable for frauds relating to the merits between the parties. All mistakes and errors must be corrected from within by motion for new trial, or to reopen the judgment, or by appeal. The fraud which would otherwise relieve a party from the binding effect of a judgment must be related to some matter other than the issue in controversy in the action.

*Forney*, 672 S.W.2d at 498 (citation omitted); *see Nelson*, 193 S.W.3d at 165 ("Extrinsic fraud that is fraud that is collateral to the matter being tried and prevents a litigant from having a fair

6

opportunity to assert his rights at trial."); *Lawrence v. Lawrence*, 911 S.W.2d 443, 447 (Tex. App.—Texarkana 1995, writ denied) ("Extrinsic fraud is a wrongful act by the opposing party that prevents the losing party from either knowing about his rights or defenses or from having a fair opportunity of presenting them at trial. Extrinsic fraud is collateral to the matter tried and not something that was actually or potentially in issue at trial.").

By contrast, "intrinsic" fraud will not support a bill of review. *See Chapman*, 118 S.W.3d at 752 ("Issues underlying the judgment attacked by a bill of review are intrinsic and thus have no probative value on the fraud necessary to a bill of review."); *Tice*, 767 S.W.2d at 702 ("'Intrinsic fraud,' by contrast, relates to the merits of the issues which were presented and presumably were or should have been settled in the former action."). "Intrinsic fraud includes fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering judgment." *Browning v. Prostok*, 165 S.W.3d 336, 348 (Tex. 2005); *see Lawrence*, 911 S.W.2d at 447 (*same*).

In *Biggs v. Biggs*, Norma Biggs brought "a suit in the nature of an equitable bill of review" against her former husband "to set aside the community property division in a divorce judgment." 553 S.W.2d 207, 208 (Tex. App.—Houston [14th Dist.] 1977, writ dism'd). The court of appeals described the dispute as follows:

> [T]he specific damages alleged to have resulted from this fraud are limited to the following: (1) that Mr. Biggs told Mrs. Biggs that the property settlement agreement would provide for Mrs. Biggs to get their residence and farm free and clear of all liens and indebtedness when, in fact, the agreement provides that she shall be responsible for the monthly mortgage payments; and (2) that Mr. Biggs, with the aid and assistance of his attorney, deliberately failed to include in the property settlement agreement the community estate in Garden-Land, Inc., and in several insurance policies.

*Id.* at 210.  The court then stated, "Only extrinsic fraud will entitle a complainant to relief by bill of review.  Intrinsic fraud does not furnish a ground for setting aside a judgment in an independent suit brought for that purpose."  *Id.*  The court explained, "Fraudulent instruments and perjured testimony are species of intrinsic fraud.  Assuming that the property agreement signed by Mr. and Mrs. Biggs does not reflect the true agreement between the parties, the instrument would be fraudulent, but not subject to attack by bill of review."  *Id.*  The court concluded:

> The fraud at most relates to untruths which misled both plaintiff and counsel into acquiescence and approval of an unjust division of property.  If misrepresentations were made and appellant relied thereon, they bore either actually or potentially on the matters at issue in the former trial and thus are tantamount to no more than intrinsic fraud.

*Id.*  Finally, the court held that "the allegation that the property agreement filed in the divorce trial does not conform to the agreement between the parties is no more than an allegation of intrinsic fraud which will not support a bill of review."  *Id.*

We agree with the court's reasoning in *Biggs.*  We conclude that Solla's allegation that the MSA and the divorce decree do not reflect the parties' agreement—that Solla-Llorens would deliver the Hummer H2 to her in Brazil or that he committed fraud by falsely representing to her that she could take possession of the vehicle in Brazil—is, at best, an allegation of intrinsic fraud and does not support a bill of review.

We also conclude that the failure to include a provision requiring Solla-Llorens to ensure that the vehicle remained in Brazil until Solla took possession of it was not "unmixed with any fault or negligence" on Solla's part.  If the location of the transfer of the Hummer H2 was a material and essential condition of her agreement to the property division, she could have insisted on expressly making that a term of the MSA or the divorce decree.  Not only did Solla

8

not ensure that such a provision was included in the MSA or the divorce decree, she expressly disclaimed that her acquiescence to the property division was procured by any agreement other than those specifically set forth in the divorce decree.

## CONCLUSION

Having determined that Solla-Llorens's alleged misrepresentation did not constitute extrinsic fraud and that the allegedly unjust property division was not unmixed with any fault or negligence on Solla's part, we hold that the trial court abused its discretion in granting Solla's petition for bill of review. *See Nationwide Ins.*, 494 S.W.3d at 712 (trial court abuses its discretion when it fails to analyze or apply law correctly). We sustain Solla-Llorens's first issue.[1] We therefore reverse the trial court's order granting Solla's petition for bill of review, vacate the trial court's final divorce decree of May 21, 2020, and render judgment reinstating the May 2015 divorce decree.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Triana, and Kelly

Reversed and Rendered

Filed: August 26, 2021

_____

[1] Having sustained Solla-Llorens's first issue, we need not address his second and third issues. *See* Tex. R. App. P. 47.1.

9