ACCEPTED
15-25-00088-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/10/2025 12:50 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00088-CV

IN THE COURT OF APPEALS

FOR THE FIFTEENTH JUDICIAL DISTRICT

AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/10/2025 12:50:21 PM
CHRISTOPHER A. PRINE
Clerk

IN RE: ASTRAZENECA PHARMACEUTICALS LP

*Relator*

Original Proceeding from the 71st Judicial District Court
in Harrison County, Texas
The Honorable Brad Morin, Presiding

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Samuel F. Baxter
Jennifer L. Truelove
McKool Smith, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
(903) 923-9000
Fax: (903) 923-9099

Mark Lanier
Zeke DeRose
Jonathan Wilkerson
THE LANIER FIRM
10940 W. Sam Houston Pkwy N, Suite 100
Houston, TX 77064
(800) 723-3216
Fax: (713) 659-2204

*Attorneys for Plaintiffs and Real-Parties-in-Interest SCEF, LLC and Lynne Levin-Guzman*

i

4931-8137-5314

# TABLE OF CONTENTS

STATEMENT OF THE CASE.................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ...............................................iv

STATEMENT OF JURISDICTION......................................................................v

QUESTIONS PRESENTED.................................................................................vi

MANDAMUS RECORD....................................................................................... vii

RELEVANT FACTS ...........................................................................................1

ARGUMENT ......................................................................................................13

     I.     ASTRA'S MANDAMUS CHALLENGE SHOULD BE DENIED BECAUSE IT PRESENTS A MOOT, ACADEMIC QUESTION...................................................14

     II.    ASTRA'S MANDAMUS CHALLENGE IS BARRED BY LACHES........................................................................16

     III.   ASTRA'S MANDAMUS CHALLENGE FAILS ON THE MERITS BECAUSE THE VENUE FACTS PLED IN PLAINTIFFS' SECOND AMENDED PETITION SATISFY THE THFPA'S VENUE PROVISION ...................................21

     IV.   EVEN IF THE VENUE FACTS PLAINTIFFS PLED IN THEIR NOW-SUPERSEDED 2023 FIRST AMENDED PETITION WERE RELEVANT TO THE ANLYSIS, ASTRA'S MANDAMUS CHALLENGE STILL FAILS ON THE MERITS...................................23

     V.    EVEN IF THE DISTRICT COURT ERRED, THERE IS NO BASIS FOR THIS COURT TO ISSUE A TRANSFER ORDER........................................26

CONCLUSION ..................................................................................................27

4931-8137-5314

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Balawajder v. Belanger*,
   2005 Tex. App. LEXIS 1654
   (Tex. App.—Eastland; March 3, 2005, affirmed) ..............................................15

*Callahan v. Giles*,
   155 S.W.2d 793 (Tex. 1941) ..............................................................................16

*City of Austin v. L.S. Ranch, Ltd.*,
   970 S.W.2d 750 (Tex. App.—Austin 1998, no pet.)...........................................16

*CMH Homes v. Perez*,
   340 S.W.3d 444 (Tex. 2011) ..............................................................................19

*Fed. Deposit Ins. Corp. v. Lenk*,
   361 S.W.3d 602 (Tex. 2012) ..............................................................................25

*Furr's Supermarkets, Inc. v. Mulanax*,
   897 S.W.2d 442 (Tex. App.—El Paso 1995, orig. proceeding).........................17

*Gen. Land Office v. OXY U.S.A., Inc.*,
   789 S.W.2d 569 (Tex. 1990) ..............................................................................16

*Harris County Appraisal Dist. v. O'Connor & Assocs.*,
   2006 Tex. App. LEXIS 9421
   (Tex. App.—Houston [14th Dist.] Oct. 31, 2006, appeal dismissed) ................16

*In re E. Tex. Med. Ctr. Athens*,
   154 S.W.3d 933 (Tex. App.—Tyler 2005, orig. proceeding) ............................26

*In re Int'l Profit Assocs., Inc.*,
   274 S.W.3d 672 (Tex. 2009) (orig. proceeding) (per curiam) ....................16, 17

*In re Mire*,
   2013 Tex. App. LEXIS 1430
   (Tex. App.—El Paso Feb. 13, 2013, orig. proceeding)......................................17

*In re Pendragon Transp. LLC*,
   423 S.W.3d 537 (Tex. App.—Dallas 2014, orig. proceeding)...........................17

4931-8137-5314

*In re Rino-K&K Compression, Inc.*,
  656 S.W.3d 153 (Tex. App.—Eastland 2022) (orig. proceeding)......................19

*In re Sanofi-Aventis U.S. LLC*,
  --- S.W.3d ---, 2025 WL 920111
  (Tex. App.—15th Dist. Mar. 27, 2025) (orig. proceeding) .........................24, 27

*In re Users Sys. Servs., Inc.*,
  22 S.W.3d 331 (Tex. 1999).................................................................16

*In re Waste Mgmt. of Tex., Inc.*,
  392 S.W.3d 861 ...............................................................................26

*In re Webber, L.L.C.*,
  2020 Tex. App. LEXIS 4805
  (Tex. App.—Dallas June 29, 2020, orig. proceeding).........................17

*J.M. Huber Corp. v. Santa Fe Energy Resources, Inc.*,
  871 S.W.2d 842 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ...........15

*Lawrence v. Lawrence*,
  911 S.W.2d 443 (Tex. App.—Texarkana 1995, writ denied) ..........................18

*O'Hern v. Mughrabi*,
  579 S.W.3d 594 (Tex. App.—Houston [14th Dist.] 2019, appeal
  dismissed) ......................................................................................15

*Rivercenter Assocs. v. Rivera*,
  858 S.W.2d 366 (Tex. 1993) ..............................................................16, 17, 19

*West v. Solito*,
  563 S.W.2d 240 (Tex. 1978) (orig. proceeding) ...............................................26

4931-8137-5314

## STATEMENT OF THE CASE

**Nature of the case:** This is a case filed on behalf of the State of Texas under the Texas *qui tam* statute, the Texas Health Program Fraud Prevention Act ("THPFA"). It concerns three illegal marketing programs defendant AstraZeneca Pharmaceuticals LP ("Astra) has used to drive prescriptions for certain of its products.

On September 1, 2023, after extensive briefing and an in-person hearing, the District Court denied Astra's motion to transfer venue.

While the case was initially filed by two private plaintiffs, on July 8, 2025, the State of Texas ("Texas") intervened in this matter.

**Respondent:** The Honorable Brad Morin, Presiding Judge of the 71st Judicial District Court, Harrison County; Case No. 22-0426.

**Rulings at issue:** The District Court's order dated September 1, 2023.

**Relief sought:** An order dismissing or denying Astra's petition for writ of mandamus.

## STATEMENT REGARDING ORAL ARGUMENT

Astra has not requested oral argument. Because, on its face, Astra's petition lacks merit, Plaintiffs likewise do not believe that oral argument is necessary. If the Court nevertheless determines that oral argument would be helpful, Plaintiffs respectfully request an opportunity to participate.

4931-8137-5314

## STATEMENT OF JURISDICTION

Plaintiffs respectfully dispute that this Court has jurisdiction to consider Astra's challenges to the sufficiency of the venue facts Plaintiffs alleged in their First Amended Petition, dated April 27, 2023. With the benefit of limited venue discovery, Plaintiffs recently filed a superseding Second Amended Petition that added voluminous factual allegations demonstrating that venue in Harrison County is proper—and that the contrary representations Astra made to the District Court in 2023 were incorrect. Under Rule 65 ("Rule 65") of the Texas Rules of Civil Procedure, the venue allegations in Plaintiffs' First Amended Petition are "no longer . . . part of the pleading in the record of the cause" and, as such, Astra's attacks on a superseded pleading present a moot, academic question that falls outside this Court's jurisdiction.

## QUESTIONS PRESENTED

1.      Whether the Court has jurisdiction over Astra's mandamus challenge given that the venue facts pled in Plaintiffs' First Amended Petition have been superseded and, under Rule 65, are "no longer . . . part of the pleading in the record."

2.      Whether Astra's mandamus challenge is barred by laches given that (i) the District Court issued its venue ruling *23 months ago*; (ii) Astra has not explained—and cannot explain—why it waited nearly two years to challenge that ruling; and (iii) granting Astra mandamus relief would inflict substantial hardship

vi

on Plaintiffs and result in a waste of juridical resources.

3.      Whether the venue facts pled in Plaintiffs' operative pleading—the Second Amended Petition—establish that "any part of the unlawful act occurred" in Harrison County, as required by the THFPA's venue provision.

4.      Assuming that Plaintiffs' superseded pleading—the First Amended Petition—remains relevant here, whether the venue facts pled therein establish that "any part of the unlawful act occurred" in Harrison County, as required by the THFPA's venue provision.

5.      If the District Court abused its discretion when it denied Astra's motion to transfer venue, whether Astra is entitled to a venue transfer given that (i) Plaintiffs served venue discovery in 2023; (ii) in the event their 2023 venue allegations are deemed insufficient, Plaintiffs expressly requested a continuance and an opportunity to conduct venue discovery; (iii) the District Court denied Astra's motion to quash Plaintiffs' venue discovery; and (iv) notwithstanding Astra's failure to comply with its discovery obligations, the current discovery record refutes Astra's denial of Plaintiffs' venue allegations.

## **MANDAMUS RECORD**

In addition to the materials cited in the mandamus record filed with Astra's petition (cited herein using the prefix MR), Plaintiffs have included in a supplemental mandamus record (cited herein using the prefix SMR) additional

4931-8137-5314

materials Plaintiffs believe are relevant to the Court's inquiry.

4931-8137-5314

# RELEVANT FACTS

This case concerns three illegal marketing programs Astra used to induce prescriptions for certain of its products. In the first program (the "Free Nurse Program"), in exchange for prescriptions, Astra rewarded prescribers ("Prescribers") with nursing resources whom Prescribers then used to educate and care for their patients. In the second program (the "White Coat Marketing Program"), Astra hired nurses who, while purporting to be independent medical experts, were tasked with promoting Astra's products. In the third program (the "Support Services Program"), in exchange for prescriptions, Astra underwrote the costs associated with administrative tasks Prescribers are duty-bound to perform to investigate and obtain insurance coverage for their patients. These programs involve exchanges—or at a minimum, offers—of remuneration to induce prescriptions for Astra products, in violation of the THFPA.

While this litigation was filed and initially prosecuted by two private plaintiffs, on July 8, 2025, the State of Texas filed a motion to intervene. SMR086. As the State explained, recent "[d]eposition testimony from Astra[]'s employees" obtained by Plaintiffs "supports [their] claims that Astra[] implemented certain services and support programs to encourage the prescription of the Astra[] Drugs, thereby constituting unlawful kickbacks under the [THFPA]. The sophistication and

1

breadth of Astra[]'s alleged kickback schemes necessitate the State's intervention to appropriately pursue violations of the [THFPA]." SMR094.

## I. ASTRA'S 2023 VENUE CHALLENGE

On March 3, 2023, Astra filed a motion to transfer venue. MR067. It asserted—with no elaboration—that Plaintiffs had insufficiently pled facts establishing venue in Harrison County. MR068.

On April 27, 2023, to avoid motion practice, Plaintiffs filed a First Amended Petition that augmented their venue allegations. MR078. Plaintiffs identified by name two Harrison County facilities—the Diagnostic Clinic of Marshall, located at 300 N. Alamo Boulevard, Marshall, TX, 75670, and B&D Healthcare Solutions, located at 310 N. Alamo Boulevard, Marshall, TX 75670—and alleged that in 2023 "Astra sales and marketing reps targeted providers" affiliated with those facilities "using the unlawful marketing schemes" Plaintiffs were challenging. MR084.

On May 22, 2023, Astra again moved to transfer venue. MR139. It argued that Plaintiffs' new venue allegations were "untethered to the 'unlawful acts' alleged in the petition" because the wrongdoing at issue in the First Amended Petition allegations purportedly was limited to "Patient Support Programs . . . *and [did] not involve 'sales and marketing reps.'*" MR141.[1]

---

[1] Unless otherwise noted, all emphases herein were supplied by Plaintiffs.

4931-8137-5314

On June 6, 2023, to ensure that the District Court's evaluation of Astra's venue challenge would be made on a full record, Plaintiffs served a set of targeted requests for production ("RFPs") and a narrow Rule 199 deposition notice of Astra. MR168-80. On July 6, 2023, the date by which Plaintiffs requested that Astra produce documents responsive to the RFPs, Astra filed a motion for protective order. MR147.

On August 1, 2023, Plaintiffs opposed Astra's venue challenge and, in the same pleading, moved for a continuance pending venue discovery and opposed Astra's motion for protective order. MR158. Plaintiffs made three arguments. First, they explained that Astra's venue challenge failed because it was predicated on a false premise—the supposed lack of involvement of drug reps in the conduct Plaintiffs were challenging. As Plaintiffs explained, however, this assertion was meritless because

> [w]hile the unlawful remuneration Astra is alleged to have paid does include the *administration* of the nursing and support services at issue . . . [Plaintiffs'] allegations also necessarily encompass the *offering of those [s]ervices* as an inducement for . . . prescriptions for Astra Products. . . . [And] the Amended Petition clearly alleged that Astra offered the Services through its *sales and marketing reps*.[2]

---

[2] Citing MR108 (¶100) ("the Nurse Support Services scheme was used nationwide, including in Texas, by Astra's *salespersons* to drive prescriptions."); MR 108 (¶101) ("Astra *sales representatives* . . . confirmed that they are trained to use the Nurse Support as a way of inducing Prescribers to prescribe Astra drugs"); MR110 (¶106) ("Interviewees . . . state that both *drug representatives* and Symbicort Service Provider Nurses offer Prescribers the service of managing patients . . .");

3

MR160-161 (emphasis in the original). Accordingly, because Plaintiffs' venue allegations—*which Astra did not deny*—expressly tied Astra's in-forum activities (visits by Astra drug reps to two identified Marshall clinics) to the challenged conduct (the offer of free services by those reps), Plaintiffs argued that Astra's venue challenge failed. *See* MR161 ("Astra does not—and cannot—deny that, through its sales and marketing reps, it *offered* the Services to Harrison County Prescribers. That is a sufficient reason to deny the Venue Motion.") (emphasis in the original).

Second, Plaintiffs argued that certain websites Astra maintained for its products, which were accessible from Harrison County, conveyed offers for Free Nurse and Reimbursement Support services to "*all* U.S.-based Prescribers, including those in Harrison County." MR161-63.

---

MR114-15 (¶123) ("Offering the reimbursement support services was a *powerful tool in the hands of Astra's sales representatives* and Confidential Interviewees confirm that it was used to influence prescribers to recommend Astra drugs."); MR140 (¶139) ("Astra's *drug salespeople* . . . market [Reimbursement Support Services] to increase the likelihood that prescribers will prescribe Astra drugs. Since at least 2012, Astra's *drug sales representatives* pitch to Prescribers emphasized that, if the Prescribers prescribed [Astra products], Astra would provide—free of charge—the services and resources of a full reimbursement support team to manage the administrative tasks associated with prescribing the drug."); MR140 (¶140) ("This value proposition was a powerful tool *in the hands of Astra's drug representatives* and was used to induce Prescribers to recommend Astra drugs.").

4931-8137-5314

Third, Plaintiffs argued that, in the event the District "Court were not inclined to deny Astra's [venue challenge] outright, it should order a continuance and direct Astra to produce venue discovery." MR163.

A few days before the parties were scheduled to appear before the District Court, Plaintiffs supplemented their response to Astra's venue challenge. MR192. Plaintiffs did this because, during a recent visit to a Marshall-based clinic, one of Plaintiffs' consultants found a brochure for Astra's product Fasenra that contained a "QR code" that invited the reader to "sign up for updates about [the Fasenra] prescription approval status and savings information." MR193. Plaintiffs further explained that, once scanned, the QR code linked to Astra's "myaccess360.com portal, the very portal through which Astra offers Free Nurse and Reimbursement Support services to Prescribers." MR193-95. The Fasenra brochure Plaintiffs' consultant had found in Marshall was attached to Plaintiffs' supplemental response, as was a declaration by Plaintiffs' consultant establishing that she had accessed the myaccess360.com portal from Marshall. *See* MR201-210; MR198. Astra never moved to strike Plaintiffs' supplemental venue response or the consultant's declaration.

On August 31, 2023, the District Court heard argument on Astra's venue challenge. MR218. Counsel for Astra attempted to engage with two of the three arguments Plaintiffs had presented in their venue responsive papers—specifically,

4931-8137-5314

Plaintiffs' arguments that the THFPA's venue provision was satisfied by (i) the in-forum activities of Astra's drug reps; and (ii) the in-forum invitation (contained in a *physical* brochure for the product Fasenra Plaintiffs found in Marshall, Texas) that patients sign up for free services (thereby relieving their Prescribers of the obligation to provide them). MR220-24. Counsel for Astra, however, never contested that the product websites for Astra's products in fact conveyed "offers" for Free Nurse and Reimbursement Support to Harrison County-based Prescribers. *See id.*

In response, counsel for Plaintiffs pointed out that, by failing to join issue with one of Plaintiffs' arguments, Astra had conceded one of the venue facts alleged by Plaintiffs.[3] Counsel for Plaintiffs also explained that (i) the venue facts Plaintiffs pled in the First Amended Petition—which, as noted, focused on in-forum offers for services conveyed by Astra drug reps to Prescribers affiliated with two Marshall clinics—were sufficient;[4] and (ii) there was no merit to Astra's suggestion that the

---

[3] MR224 ("[T]he . . . venue provision is very broad. We don't need to have the conduct take place within Harrison County. . . . What [we] need is a mere offer within the forum. In our answering papers, we identify the websites. All these websites talk about the services being offered to everybody, every prescriber in the states, including Texas, including Harrison County. I didn't hear Mr. Gillam respond to that.").

[4] MR225 ("The venue facts we pled in the Amended Petition . . . are sufficient. We identified two clinics, and we said they are targeted with the conduct at issue by salespeople. . . . [I]n their motion to . . . transfer venue, they . . . say that salespeople have nothing to do with this. Well, the petition is replete with examples, and all of them talk about salespeople. . . . That's what the case is about. These are services

6

Fasenra brochure Plaintiffs' consultant had found at a Marshall clinic may not have been directed to Prescribers who treat Medicaid patients.[5]

During oral argument, Counsel also expressly pressed Plaintiffs' request for venue discovery:

> If the Court's not persuaded [that we have enough], then we get discovery. . . We're entitled to discovery on venue facts. We have [pled] more than enough facts for the Court to rule in our favor without discovery, but to the extent that the Court is not persuaded, we are entitled to discovery, and Mr. Gillam didn't really address that point.

MR226.

In rebuttal, *counsel for Astra did not contest that Astra's product websites in fact offered services to Harrison County-based Prescribers*. Rather, counsel argued merely that Plaintiffs had not demonstrated that the product websites were "*available*" from Harrison County.[6] But Plaintiffs had in fact provided this allegedly missing proof. In particular, in a declaration signed under the penalty of perjury "*in

---

offered at the point of sale[] before prescriptions are written, and they're offered by salespeople").

[5] MR225-26 ("There's a brochure that says, hey, we have these services, come get them, they're free, they're there for you. . . . [T]hey're not . . . saying, oh, we only offer this brochure to clinics that don't' accept Medicaid or Medicare. That's not the case. It's the same literature all over the place. So, again, there's an offer in Harrison County.")

[6] MR227 ("If they want to talk about the website and what's out there on the website, yes, there is a website out there. *All they would have had to do was to . . . have someone come in here and say I've accessed the website here in Harrison County and it's available*. They didn't offer that proof.").

7

4931-8137-5314

*Marshall, Texas*," Plaintiffs' consultant explained that, "[o]nce scanned, the QR code [in the Fasenra brochure] links to Astra's myaccess360.com portal for Fasenra." MR198. Plaintiffs also expressly represented in their responsive briefing that each of the three product websites in question was "accessible from Harrison County." MR161; *see also* MR162 ("These offers, which are accessible from and can be accepted in Harrison County, are sufficient to establish venue in this Court.").

On September 1, 2023, the District Court denied Astra's venue challenge. Br. Tab A. On the same date, the District Court denied Astra's motion for protective order. SMR001.

## II. ASTRA'S 2025 MANDAMUS CHALLENGE AND THE SECOND AMENDED PETITION

Astra did not promptly file a mandamus challenge to the District Court's September 1, 2023 order denying its venue motion. Instead, in the weeks, months, and now almost two years that passed since the District Court's venue ruling, the parties engaged in merits discovery.

Initially, the parties were ordered to complete discovery under a docket control order that set trial in October 2024. SMR005. Due to Astra's noncompliance with its discovery obligations, the District Court extended the trial setting *three times*, first to April 2025 (SMR011), then to October 2025 (SMR017), and finally December 2025 (SMR023). Declaration of Samuel Baxter ("Baxter Decl.") ¶ 4. The December 2025 trial date was specially set by the District Court as an

8

accommodation to Astra. *Id.* Specifically, to accommodate Astra, the District Court had to rearrange its calendar and schedule trial in a month when it typically does not hold trials. *Id.*

In the nearly two years that have passed since the District Court denied Astra's venue challenge, Astra did not provide discovery focused specifically on its activities in Harrison County. Baxter Decl. ¶ 5. For example, although two of Astra's sales representatives reside in Longview, Texas, a town that stretches into Harrison County, Astra has not produced *any* documents from these individuals' custodial files. *Id.* Nor did Astra produce a witness to testify on the topics set forth in Plaintiffs' June 6, 2023 notice of Rule 199 depositions. *Id.* Plaintiffs likewise did not press venue discovery, believing that any venue-related questions had been fully resolved and were moot. *Id.*

On May 9, 2025, mere weeks before the deadline for fact discovery, Astra filed its petition for writ of mandamus. Astra's mandamus challenge was surprising for three reasons. First, Astra filed its petition *20 months* after the District Court denied the venue motion—with no explanation for the delay. Second, the centerpiece of Astra's mandamus arguments—the assertion that Astra's product websites are not "offers" within the meaning of the THFPA—was never asserted below and therefore is waived. Third, it was now clear that Astra's 2023 representations to the District

9

Court—that no part of the challenged conduct occurred within Harrison County—were inaccurate.

On July 2, 2025, to conform their venue allegations with the discovery record, Plaintiffs filed their Second Amended Petition. The venue facts pled by Plaintiffs—almost all of which are sourced to Astra-produced documents and testimony—now read as follows:

> Astra's unlawful acts occurred, in part, in Harrison County. More specifically, using the unlawful marketing schemes detailed herein, Astra has targeted and continues to target providers based in Harrison County.
>
> First, as confirmed by documents . . . produced in this matter, using the White Coat Marketing scheme, Astra[] targeted at least the following Harrison County-based providers in an attempt to get them to write prescriptions for [Astra's product] Brilinta:
>
> - Two providers affiliated with the hospital now known as Christus Good Shephard, located at 811 S. Washington Avenue, Marshall TX 75670.
>
> - One provider affiliated with a clinic located at 618 S. Grove Street, Marshall TX 75670.
>
> These providers saw patients who received insurance coverage under the Texas Medicaid program.
>
> Second, as confirmed by documents Astra[] produced in this matter, Harrison County-based providers of patients who received health insurance coverage under the Texas Medicaid program repeatedly availed themselves of the Support Services program, including benefit investigations, prior authorizations, appeals, and re-

10

verifications. These services were performed on or around the following dates:

- November 9, 2018;

- August 31, 2020;

- September 3, 2020;

- September 12, 2020;

- September 18, 2020

- September 21, 2020;

- October 15, 2020;

- November 9, 2020;

- November 10, 2020;

- November 18, 2020 (two separate transactions);

- December 7, 2020;

- December 18, 2020;

- April 30, 2021;

- May 4, 2021;

- November 12, 2021.

Third, as confirmed by documents Astra[] produced in this matter, Harrison County-based patients who received health insurance coverage under the Texas Medicaid program availed themselves of the Free Nurse program. For example, on November 12, 2021, a Marshall-based patient received "nurse support" for [Astra's product] Bydureon.

Fourth, Astra[] sales representatives—at least two of whom live in Longview, a town that is partially located in

11

Harrison County—regularly visit Harrison County-based providers who treat patients who receive insurance coverage under the Texas Medicaid program. The availability of services is an integral part of the marketing message these Astra[] sales representatives present to these providers. For example, earlier this year, a Longview-based Astra[] sales representative visited a clinic located at 300 N. Alamo Boulevard, Marshall, TX 75670, a facility that treats certain patients who receive insurance coverage under the Texas Medicaid [program]. The Astra representative marketed Bydureon. A key part of the marketing message delivered was that if patients have "questions about how to use BYDUREON Bcise, [they] can speak to a nurse at the Astra[] Information Center by phone or by video chat;" that "Support [is available] 7 days a week;" and that Astra would make available "[A] counselor who can answer [the patients'] questions about . . . prescription coverage."

Fifth, as discovery has confirmed, the Free Nurse and Reimbursement Support programs were made available to every Texas provider treating patients who received insurance coverage under the Texas Medicaid program. For example, internal Astra documents note that, per company policy, "reimbursement support [services] must be made available to all . . . HCPs without regard to any HCP's past, current, or future prescribing decisions." And Astra deponents have confirmed that Harrison County-based Prescribers have "access to these services" without any kind of "restrictions" or conditions. Stated differently, there were no eligibility criteria for Prescribers to avail themselves of the Free Nurse and Reimbursement Support programs.

Sixth, as Astra's deponents have confirmed, the White Coat Marketing program targeted Texas providers broadly, in every territory, including in Harrison County. In fact, to ensure that Harrison County providers received Astra's White Coat Marketing pitches, Astra, through [a third party,] Syneos, hired a Longview-based nurse,

12

Natalye Combs, who, in violation of the THFPA, regularly visited Harrison County providers to attempt to persuade them to switch patients to Brilinta.

Seventh, between 2016 and 2025, Harrison County-based pharmacies submitted to Texas Medicaid hundreds of claims on behalf of Harrison Country-based patients who had been prescribed Covered Drugs, and Texas Medicaid paid over $650,000 for these claims. As explained herein, however, each of these claims violated the THFPA because each was submitted pursuant to a certification—which was false—that no violations of the law had occurred.

SMR035-38.

## ARGUMENT

Astra's mandamus challenge should be denied for several independent reasons.

First, the venue allegations whose sufficiency Astra is challenging here have been superseded and augmented in the Second Amended Petition. Under Rule 65, Plaintiffs' previous venue allegations are no longer part of the record and, as such, Astra's mandamus petition presents a moot, academic question.

Second, Astra's petition is barred by laches. Courts uniformly hold that unexplained delays of mere months bar mandamus relief, and doubly so where mandamus relief would prejudice the plaintiff. Here, Astra waited *over 20 months* to lodge its mandamus challenge; Astra has not offered any excuse for its delay (which was clearly purposeful); and transferring this case on the eve of trial would inflict significant prejudice on Plaintiffs.

4931-8137-5314

Third, while proper procedure dictates that any new venue challenges be taken up below, there is no question that Plaintiffs' operative venue allegations are more than sufficient to meet the low bar required under the THFPA's venue provision.

Fourth, even if Plaintiffs' 2023 venue allegations remain relevant (and, under Rule 65, they do not), they still clear the THFPA venue standard. Astra's contrary arguments are waived and without merit.

Fifth, even if the District Court erred when it denied Astra's venue challenge, there is no basis for this Court to transfer this case to Travis County. As a backstop to its opposition to Astra's venue motion, Plaintiffs served venue discovery; expressly cross-moved for a continuance and venue discovery; and successfully defeated Astra's motion for protective order. If it concludes that the venue facts Plaintiffs pled in the First Amended Petition remain relevant and are insufficient, this Court should remand the matter to the District Court so that Plaintiffs can obtain fulsome venue discovery.

## I. ASTRA'S MANDAMUS CHALLENGE SHOULD BE DENIED BECAUSE IT PRESENTS A MOOT, ACADEMIC QUESTION

The Texas Rules of Civil Procedure give the parties the right to amend their pleadings so long as the amendment does not "operate as a surprise to the opposite party." Tex. R. Civ. P. 63. No leave of court is required unless the amendment is being undertaken "within seven days of the date of trial." *Id.* Once an amended pleading is filed, however, "unless the substituted instrument shall be set aside on

14

exceptions, the instrument for which it is substituted *shall no longer be regarded as a part of the pleading in the record of the cause . . . .*" Tex. R. Civ. P. 65.

Here, faced with an extraordinarily tardy mandamus challenge that is premised on representations that have now been debunked by the discovery record, Plaintiffs filed their Second Amended Petition. Plaintiffs' new pleading confirms and augments their 2023 venue allegations with voluminous facts—most of which are sourced to Astra-produced documents and testimony—establishing that numerous aspects of the illegal conduct Plaintiffs are challenging unquestionably took place in Harrison County.

The filing of the Second Amended Petition has rendered the First Amended Petition—and the venue facts alleged therein—null and void. As such, Astra's mandamus challenge, which focuses on allegations in a superseded pleading, presents an academic, moot question that this Court lacks jurisdiction to resolve. *See Balawajder v. Belanger*, 2005 Tex. App. LEXIS 1654, * (Tex. App.—Eastland; March 3, 2005, affirmed) ("An amended pleading supersedes and completely replaces all previous pleadings, rendering the previous pleadings ineffective."); *J.M. Huber Corp. v. Santa Fe Energy Resources, Inc.,* 871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("An amended petition supersedes all prior petitions"); *O'Hern v. Mughrabi*, 579 S.W.3d 594, 601 (Tex. App.—Houston [14th Dist.] 2019, appeal dismissed) ("[T]he amended petition superseded all other

15

pleadings, it became the live pleading and its allegations necessarily govern our mootness analysis").

If, as here, the only issues presented on appeal concern a moot question, the appeal must be dismissed. *See Gen. Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990); *Harris County Appraisal Dist. v. O'Connor & Assocs.*, 2006 Tex. App. LEXIS 9421, *9-10 (Tex. App.—Houston [14th Dist.] Oct. 31, 2006, appeal dismissed) (dismissing as "moot" an appeal involving a "pleading that was no longer 'live'"); *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 755 (Tex. App.—Austin 1998, no pet.) (holding that interlocutory appeal of denial of plea to jurisdiction based on lack of controversy was rendered moot when the appellee amended the petition to allege justiciable controversy).

## II. ASTRA'S MANDAMUS CHALLENGE IS BARRED BY LACHES

Even if the Court had jurisdiction to consider the merits of Astra's mandamus challenge, it should decline to do so because it is barred by laches.

"Although mandamus is not an equitable remedy, its issuance is influenced by equitable principles." *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam) (citing *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex. 1999); *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993)). "One such principle is that equity aids the diligent and not those who 'slumber on their rights'." *Id.* (quoting *Rivera*, 858 S.W.2d at 367; *Callahan v. Giles*,

4931-8137-5314

155 S.W.2d 793, 795 (Tex. 1941)). Thus, "[a] delay in the filing of a petition for writ of mandamus may waive the right to mandamus unless the relator can justify the delay." *Id.*

Courts uniformly hold that unexplained delays of mere months may trigger laches. *See, e.g.*, *Rivera*, 858 S.W.2d at 366 (four months of unexplained delay triggered laches); *In re Webber, L.L.C.*, 2020 Tex. App. LEXIS 4805, at *1 (Tex. App.—Dallas June 29, 2020, orig. proceeding) ("unexplained delay of four months or more can constitute laches and result in denial of mandamus relief"); *In re Pendragon Transp. LLC*, 423 S.W.3d 537, 540 (Tex. App.—Dallas 2014, orig. proceeding) (six months delay triggered laches); *In re Mire*, 2013 Tex. App. LEXIS 1430, at *1 (Tex. App.—El Paso Feb. 13, 2013, orig. proceeding) (seven months triggered laches); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, orig. proceeding) (four months delay triggered laches).

Here, Astra has plainly "slumber[ed] on its rights." *Rivera*, 858 S.W.2d at 367. It waited *20 months* to file its mandamus challenge and it has not offered—and plainly cannot offer—any explanation for this delay. Meanwhile, Plaintiffs have relied on the District Court's venue ruling and will suffer significant prejudice if the case is transferred to Travis County just months before trial.[7] Among other things:

---

[7] Some appellate courts—but, to Plaintiffs' knowledge, not the Supreme Court—have required a showing of prejudice before holding that laches bars a

17

- Four of the six experts whose testimony Plaintiffs expect to proffer at trial are based in or around Harrison County. Baxter Decl. ¶ 6. Three of these individuals are practicing physicians whose ability to care for their patients will be significantly impacted if the case is transferred to Travis County. *Id.* Indeed, it is even possible that one or more of these experts will not be able to attend trial in Travis County. *Id.*

- Transfer to Travis County is expected to significantly delay the trial date, which has already been extended twice due to Astra's noncompliance with its discovery obligations. *Id.* ¶ 7. Counsel for Plaintiffs' examination of the Travis County court's docket indicates that the delay is likely to be at least six months long. *Id.*

- Because two members of Plaintiffs' trial team reside in Harrison County and lodging is significantly more expensive in Travis County, transfer to Travis County is expected to increase Plaintiffs' expenses. *Id.* ¶ 8.

Transfer to Travis County will also cause a waste of judicial resources. The District Court has already spent significant resources to resolve Astra's special exceptions and, to accommodate Astra, has rearranged its calendar and set the case for trial in December. Moreover, the District Court is already familiar with the theories of THFPA liability Plaintiffs are pressing in their Second Amended Petition and Astra's expected defenses. This is because the District Court has already presided over another litigation filed by an affiliate of Relator SCEF LLC, which was predicated on the same theories and resulted in a substantial recovery for the State of Texas. Baxter Decl. ¶ 9.

---

mandamus petition. *See, e.g.*, *Lawrence v. Lawrence*, 911 S.W.2d 443, 449 (Tex. App.—Texarkana 1995, writ denied). Even if required, there is clear prejudice here.

4931-8137-5314

To gloss over its fatal laches problem, Astra asserts that its mandamus petition is "timely" because it was filed "more than 90 days before the trial." Br. at vii (citing Tex. Civ. Prac. & Rem. Code § 15.0642). Not so. There is ordinarily no deadline by which parties may seek mandamus relief. *CMH Homes v. Perez*, 340 S.W.3d 444 (Tex. 2011) (citing *In re Int'l Profits Assocs.*, 274 S.W.3d at 676 (Tex. 2009)). In Section 15.0642 of the Texas Civil Practice & Remedies Code ("Section 15.0642"), however, Texas law makes an exception for venue-related rulings, and requires the defendant to pursue mandamus relief *by a date certain*—or else lose its ability to do so.

But it is untenable to suggest, as Astra does, that Section 15.0642 creates a license for the defendant to "slumber on its rights" until the statutory deadline. *Rivera*, 858 S.W.2d at 367. For one thing, other appellate courts have recognized that laches *can* apply to venue-related mandamus challenges. *In re Rino-K&K Compression, Inc.*, 656 S.W.3d 153, 161 (Tex. App.—Eastland 2022) (orig. proceeding).[8] Moreover, Section 15.0642 does not state that mandamus petitions are *timely* if filed by the relevant deadline—rather, it provides that the defendant "*must*

---

[8] *In re Rino-K&K* found that the plaintiff's challenge was not barred by laches because, even though the trial court issued a venue ruling three months before the mandamus petition was filed, "Relator did not become aware of the trial court's order transferring venue [for approximately two months and o]nce it became aware of the order, Relator expeditiously filed th[e] petition for writ of mandamus within eighteen business days." 656 S.W.3d at 161.

4931-8137-5314

be filed" by the deadline. Stated differently, far from authorizing any delay—let alone a 20-month delay—Section 15.0642 provides merely a point of no return and *cuts off* appellate relief if mandamus is pursued after the statutory deadline. Astra's contrary reading of Section 15.0642 makes no sense and, if endorsed, is an invitation for gamesmanship. Venue-related rulings are typically issued early during litigation, and thus are among the earliest rulings that are susceptible to appeal. It would be most curious if, by enacting Section 15.0642, the Legislature intended to give defendants a license to delay mandamus challenges to venue rulings until shortly before trial, knowing full well that, in the meantime, District Courts will invest significant resources in managing their dockets and plaintiffs will build their litigation strategy around trial in the venue. Importantly, the record here suggests strongly that Astra's delay was in fact *purposeful*. As noted, the original trial date set by the District Court was October 2024. SMR005. Consistent with Astra's reading of Section 15.0642, Astra's mandamus challenge would have been due *one year ago*.

At bottom, Astra "slumber[ed] on its rights" and cannot explain the 20-month delay because this delay was clearly intentional; transfer to Travis County will cause Plaintiffs significant prejudice; and if mandamus is granted, the significant resources the District Court has spent to manage this case will have been wasted, as will be the District Court's subject matter expertise. This is a poster child for laches.

20

## III.  ASTRA'S MANDAMUS CHALLENGE FAILS ON THE MERITS BECAUSE THE VENUE FACTS PLED IN PLAINTIFFS' SECOND AMENDED PETITION SATISFY THE THFPA'S VENUE PROVISION

Under the THFPA's broad venue provision, venue is appropriate in Travis County or any "county in which *any* part of the unlawful act occurred, is occurring, or is about to occur." Tex. Hum. Res. Code Ann. § 36.052(d). Thus, the dispositive venue question is whether *any* part of the conduct challenged by Plaintiffs occurred in Harrison County.

As explained above, even without the benefit of venue-specific discovery, it is clear that, using all of the illegal schemes Plaintiffs are challenging, Astra—through drug reps and contractors—reached into Harrison County to induce Prescribers to write scripts for its products. The Second Amended Petition alleges that:

- Using the White Coat Marketing scheme, Astra targeted at least three Harrison County Prescribers—two affiliated with the largest hospital in Harrison County, the third affiliated with a clinic—for the purpose of inducing them to write prescriptions for Brilinta. Each of these Prescribers treated Medicaid patients at the time. SMR036.

- Between November 2018 and November 2021, Harrison County-based Prescribers who treat Medicaid patients repeatedly availed themselves of Astra's Support Services program and, on sixteen separate occasions, received benefit investigation, prior authorization, appeal, and re-verification support. SMR036-37.

- At least one Harrison County-based Prescriber who treats Medicaid patients availed herself of Astra's Free Nurse program and, as a result

21

a Marshall-based patient received "nurse support" for Astra's product Bydureon. SMR037

- Astra drug reps—at least two of whom live in a town that is partially located in Harrison County—regularly visit Harrison County-based Prescribers who treat Medicaid patients, and the availability of services is an integral part of the sales pitches they present. For example, earlier this year, a Longview-based Astra sales rep visited a Marshall clinic that treats Medicaid patients. The services Astra provides through the Free Nurse and Support Services programs were an integral part of the sales pitch. SMR037.

- Astra has admitted that the Free Nurse and Reimbursement Support programs were made available to every Texas Prescriber who treats Medicaid patients. For example, an Astra deponent has confirmed under oath that Harrison County-based Prescribers who treat Medicaid patients have "access to these services" without any kind of "restrictions," conditions, or eligibility criteria. SMR037-38

- Astra has admitted that the White Coat Marketing program targeted Texas providers broadly, in every territory, including in Harrison County. In fact, Astra hired a Longview-based nurse, identified by name in the Second Amended Petition, who, in violation of the THFPA, regularly visited Harrison County Prescribers to persuade them to switch patients to Brilinta. SMR038.

- Between 2016 and 2025, Harrison County-based pharmacies submitted to Texas Medicaid hundreds of claims for Astra products, and Texas Medicaid paid over $650,000 for these claims. Each of these claims was accompanied by a false certification—which originated from Harrison County—that no violations of the THFPA had occurred. SMR038.

Each of the venue facts pled in the Second Amended Petition satisfies the THFPA's venue requirement. Any arguments to the contrary simply cannot hold water.

4931-8137-5314

## IV. EVEN IF THE VENUE FACTS PLAINTIFFS PLED IN THEIR NOW-SUPERSEDED 2023 FIRST AMENDED PETITION WERE RELEVANT TO THE ANLYSIS, ASTRA'S MANDAMUS CHALLENGE STILL FAILS ON THE MERITS

For the reasons previously discussed, the First Amended Petition is a nullity under Rule 65 and, as such, the venue facts alleged therein are now irrelevant. To the extent the Court nonetheless determines that these facts—which have been confirmed through the limited venue discovery Plaintiffs have received to date—remain relevant, they too compel a denial of Astra's mandamus petition.

As explained above, Plaintiffs relied on three venue facts to defeat Astra's 2023 motion to transfer. First, in the First Amended Petition, Plaintiffs asserted that Astra drug reps routinely visited two identified Harrison County facilities and "targeted providers" affiliated with those facilities "using the unlawful marketing schemes." MR084. Second, in their briefing opposing Astra's venue challenge, Plaintiffs asserted that certain of Astra's product websites touted the availability of the Free Nurse and Reimbursement Support services—and "offered" those services to Prescribers. MR161-63. Third, in their supplemental venue opposition, Plaintiffs asserted that through hard-copy product literature Astra distributes to Harrison County Prescribers, Astra invites patients to sign up for free services, thereby relieving their Prescribers of the obligation to provide those services. MR193-95.

Astra's arguments that these facts are not enough to establish venue under the THFPA fail. At bottom, Astra argues that this Court has already decided the question

before it in *In re Sanofi-Aventis U.S. LLC*, --- S.W.3d ---, 2025 WL 920111 (Tex. App.—15th Dist. Mar. 27, 2025) (orig. proceeding). Not true.

First, in *Sanofi*, the plaintiff's sales reps-focused venue allegations were different from the ones at issue here. In *Sanofi*, this Court found that the plaintiff had "provide[d] no detail of what allegedly occurred at [sales rep] meetings *or how those meetings relate to the allegations in [the plaintiff's] pleadings.*" *Id.* at *8-9. Not so here. In the First Amended Petition, Plaintiffs expressly tied Astra's in-forum activities (visits by Astra drug reps to two identified Marshall clinics) to the challenged conduct (the offer of free services by those reps). What is more, Astra *never contested these venue facts*. Rather, it argued merely that Plaintiffs' allegations were "untethered to the 'unlawful acts' alleged in the petition" because the wrongdoing Plaintiffs alleged purportedly was limited to "Patient Support Programs *. . . and [did] not involve 'sales and marketing reps.'*" MR141. As explained above, this assertion was not true because the First Amended Petition expressly asserted that the free services Plaintiffs contend are unlawful under the THFPA were offered by drug reps.

Second, unlike in *Sanofi*, Astra never contested below that the product website identified by Plaintiffs in their responsive venue briefing *actually conveyed "offers"* for free services, within the meaning of the THFPA. Rather, Astra's only response

4931-8137-5314

below was that Plaintiffs allegedly had not demonstrated that the product websites were "*available*" from Harrison County. Here is what counsel for Astra stated:

> If they want to talk about the website and what's out there on the website, yes, there is a website out there. *All they would have had to do was to . . . have someone come in here and say I've accessed the website here in Harrison County and it's available. They didn't offer that proof.*

MR227.

But, as explained above, Plaintiffs had provided this allegedly missing proof and had also represented to the District Court that the Astra websites were "accessible" from Harrison County. MR198, MR161, MR162. The District Court was entitled to rely on these representations, which have been confirmed through discovery. SMR037-38.

Astra's attempt to pivot to a brand new argument for the first time on appeal— that the websites do not in fact communicate "offers"— fails. Astra has waived this argument. *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 604 (Tex. 2012) ("When a party fails to preserve error in the trial court . . . , an appellate court may not consider the unpreserved or waived issue.").

Third, *Sanofi* did not involve allegations that the defendant had distributed within Harrison County *physical* product brochures that advertised the Free Nurse

25

and Support Services programs and invited applications for these services.[9] And while Astra also argues that, under *Sanofi*, the brochure is not an "offer"—that is irrelevant. Indisputably, the product brochure at issue *advertises the free services* Plaintiffs are challenging and *invites patients to apply for them*. This in-forum activity is indisputably "*part*" of the challenged conduct—and thus it suffices under the THFPA's venue provision.

## V.    EVEN IF THE DISTRICT COURT ERRED, THERE IS NO BASIS FOR THIS COURT TO ISSUE A TRANSFER ORDER.

Even if the Court had jurisdiction to delve into the merits of Astra's petition and agreed with them, there is still no basis to grant Astra the relief it has requested. As is clear from the record, as a fallback to its position that Astra's venue challenge should be denied outright, Plaintiffs (i) served venue discovery (MR168-80); (ii) expressly cross-moved for a continuance (MR160); (iii) expressly opposed Astra's motion for protective order (MR160); and (iv) obtained a ruling denying that motion and authorizing venue discovery (SMR1). At every turn, Plaintiffs' actions here

---

[9] Astra also argues that the District Court should not have considered Plaintiffs' supplemental venue filing. Br. at 13. This fails. "To preserve error for appellate review, a party must first present its complaint to the trial court and obtain a ruling." *See In re Waste Mgmt. of Tex., Inc.*, 392 S.W.3d 861, 870 (citing Tex. R. App. P. 33.1). "This requirement applies to mandamus proceedings." *Id.* (citing *West v. Solito*, 563 S.W.2d 240, 244-45 (Tex. 1978) (orig. proceeding); *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936 (Tex. App.—Tyler 2005, orig. proceeding)). Astra did not move to strike Plaintiffs' supplemental venue filing, nor did it ask the District Court to rule on the objection it raised during the venue hearing.

4931-8137-5314

distinguish this case from *Sanofi*.[10] Indeed, we now know that venue discovery would have shown *extensive* relevant in-forum activities—and that Astra's contrary representations to the District Court were inaccurate.

## CONCLUSION

For the foregoing reasons, Astra's petition for writ of mandamus should be dismissed or denied.

---

[10] *Compare In re Sanofi-Aventis*, 2025 WL 920111 *at 13 ("Here, there is no evidence in the record that [the plaintiff] served discovery on Sanofi prior to the venue determination or that [the plaintiff] obtained a ruling from the trial court on its continuance motion or discovery request. It proceeded at the venue hearing without re-urging its continuance motion or discovery request and without requesting a ruling.").

4931-8137-5314

Dated:  July 10, 2025                    Respectfully submitted,

*/s/ Sam Baxter*
Samuel F. Baxter (co-lead counsel)
sbaxter@mckoolsmith.com
Jennifer L. Truelove
jtruelove@mckoolsmith.com
MCKOOL SMITH P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
(903) 923-9000
Fax: (903) 923-9099

*/s/ Mark Lanier*
 Mark Lanier (co-lead counsel)
 Zeke DeRose
 Jonathan Wilkerson
 THE LANIER FIRM
 10940 W. Sam Houston Pkwy N
 Houston, TX 77064
 (800) 723-3216
 Fax:  (713) 659-2204


***ATTORNEYS FOR PLAINTIFF/REAL-PARTY-IN-INTEREST HEALTH SELECTION GROUP, LLC***

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 10, 2025 to counsel of record.

/s/ Samuel F. Baxter
Samuel F. Baxter

## CERTIFICATE OF COMPLIANCE

Based on a word count run in Microsoft Word 2016, this Response to Petition for Writ of Mandamus contains 6,451 words, excluding the portions of the brief exempt from the word count under Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Samuel F. Baxter
Samuel F. Baxter

4931-8137-5314

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 102977813
Filing Code Description: Response
Filing Description: RESPONSE TO PETITION FOR WRIT OF MANDAMUS
Status as of 7/10/2025 1:33 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kennon L.Wooten | | kwooten@scottdoug.com | 7/10/2025 12:50:21 PM | SENT |
| Angela Goldberg | | agoldberg@scottdoug.com | 7/10/2025 12:50:21 PM | SENT |
| Jonathan Wilkerson | 24050162 | jonathan.wilkerson@lanierlawfirm.com | 7/10/2025 12:50:21 PM | SENT |
| Melissa Smith | 24001351 | melissa@gillamsmithlaw.com | 7/10/2025 12:50:21 PM | SENT |
| William Peterson | 24065901 | willpete@gmail.com | 7/10/2025 12:50:21 PM | SENT |
| Samuel Baxter | 1938000 | sbaxter@mckoolsmith.com | 7/10/2025 12:50:21 PM | SENT |
| Brian McBride | 24002554 | scott.mcbride@morganlewis.com | 7/10/2025 12:50:21 PM | SENT |
| Zeke DeRose | 24057421 | zeke.derose@lanierlawfirm.com | 7/10/2025 12:50:21 PM | SENT |
| Jennifer Truelove | 24012906 | jtruelove@mckoolsmith.com | 7/10/2025 12:50:21 PM | SENT |
| Alex Brown | 24026964 | alex.brown@lanierlawfirm.com | 7/10/2025 12:50:21 PM | SENT |
| Lynne Kurtz-Citrin | 24081425 | lynne.kurtz-citrin@oag.texas.gov | 7/10/2025 12:50:21 PM | SENT |
| Jonathan Bonilla | 24073939 | Jonathan.Bonilla@hhs.texas.gov | 7/10/2025 12:50:21 PM | SENT |
| W. Mark Lanier | 11934600 | jrm@lanierlawfirm.com | 7/10/2025 12:50:21 PM | SENT |
| Heidi Rasmussen | 24090345 | heidi.rasmussen@morganlewis.com | 7/10/2025 12:50:21 PM | SENT |
| Nadia Burns | 24041176 | nadia.burns@oag.texas.gov | 7/10/2025 12:50:21 PM | SENT |
| Ruth Adams | | radams@scottdoug.com | 7/10/2025 12:50:21 PM | SENT |
| Steve McConnico | | smcconnico@scottdoug.com | 7/10/2025 12:50:21 PM | SENT |
| Jordan Kadjar | | jkadjar@scottdoug.com | 7/10/2025 12:50:21 PM | SENT |
| John Dodds | | john.dodds@morganlewis.com | 7/10/2025 12:50:21 PM | SENT |
| Erica Jaffe | | erica.jaffe@morganlewis.com | 7/10/2025 12:50:21 PM | SENT |
| W. Mark Lanier | | WML@LanierLawFirm.com | 7/10/2025 12:50:21 PM | SENT |
| Vivian Egbu | | vivian.egbu@oag.texas.gov | 7/10/2025 12:50:21 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 102977813
Filing Code Description: Response
Filing Description: RESPONSE TO PETITION FOR WRIT OF MANDAMUS
Status as of 7/10/2025 1:33 PM CST

Case Contacts

| Vivian Egbu | | vivian.egbu@oag.texas.gov | 7/10/2025 12:50:21 PM | SENT |
|---|---|---|---|---|
| Lauren Sibley | | lauren.sibley@oag.texas.gov | 7/10/2025 12:50:21 PM | SENT |
| Cynthia Lu | | cynthia.lu@oag.texas.gov | 7/10/2025 12:50:21 PM | SENT |
| Steven Strauss | | steven.strauss@morganlewis.com | 7/10/2025 12:50:21 PM | SENT |
| joel leach | | jleach@mckoolsmith.com | 7/10/2025 12:50:21 PM | SENT |
| denise lopez | | dlopez@mckoolsmith.com | 7/10/2025 12:50:21 PM | SENT |
| Paige Cheung | 24116193 | paige.cheung@oag.texas.gov | 7/10/2025 12:50:21 PM | ERROR |
| Angel Devine | | adevine@mckoolsmith.com | 7/10/2025 12:50:21 PM | SENT |
| Radu Lelutiu | | rlelutiu@mckoolsmith.com | 7/10/2025 12:50:21 PM | SENT |